1  David Goldman, Bar No. 76551
   Jeanine DeBacker, Bar No. 178054
2  **WENDEL, ROSEN, BLACK & DEAN LLP**
   1111 Broadway, 24th Floor
3  Oakland, California 94607-4036
   Telephone: (510) 834-6600
4  Fax: (510) 834-1928
   Email: dgoldman@wendel.com
5
   Attorneys for Defendant
6  HEXCEL CORPORATION

ORIGINAL
F I L E D

JAN 1 5 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

E-filing

7

8                 UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10

C08-00254

ADR
CRB

11  WILLIAM FUCHS, an individual,

12                Plaintiff,

13          vs.

14  HEXCEL CORPORATION, a corporation
    doing business in California, JEFFREY
15  GERARD STEPHENS, an individual, and
    DOES 1 through 25, inclusive,
16
                  Defendants.
17

(Removed from Alameda County Superior
Court, Case No. VG07361624)

Case No.

**NOTICE OF REMOVAL OF ACTION;
UNDER 28 U.S.C. SEC. 1441(B)
(FEDERAL QUESTION)**

18

19      TO THE CLERK OF THE ABOVE-ENTITLED COURT:

20      PLEASE TAKE NOTICE THAT defendant HEXCEL CORPORATION hereby removes

21  to this Court the state court action described below.

22      **1.**    On December 17, 2007, an action was commenced in the Superior Court of the

23  State of California in and for the County of Alameda, entitled WILLIAM FUCHS, an individual,

24  Plaintiff, vs. HEXCEL CORPORATION, a corporation doing business in California, JEFFREY

25  GERARD STEPHENS, an individual, and DOES 1 through 25, inclusive, Defendants, as case

26  number VG07361624.

27      **2.**    The first date upon which defendant HEXCEL CORPORATION received a copy

28  of the complaint was on about December 26, 2007, when defendant's counsel received a copy

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA 94607-4036

*NOTICE OF REMOVAL OF ACTION; UNDER 28 U.S.C.
SEC. 1441(b) (FEDERAL QUESTION)*

1   with a Notice and Acknowledgement of receipt pursuant to California Code of Civil Procedure

2   §415.30.

3       **3.**    Pursuant to 28 U.S.C. §1446(a), a copy of all process, pleadings, and orders in the

4   state court action are attached hereto as **Exhibit 1**.

5       **4.**    This action is a civil action of which this Court has original jurisdiction under 28

6   U.S.C. §1331, and is one which may be removed to this Court by defendant pursuant to the

7   provisions of 28 U.S.C. §1441(b) in that it arises under the Employee Retirement and Income

8   Security Act of 1974 (ERISA) 29 U.S.C. §1001, *et seq.*   It appears from the face of Plaintiff's

9   complaint that this is a civil action that arises under 29 U.S.C. §1001, *et seq.*  Plaintiff alleges that

10  he was entitled to a stay-on bonus, severance and other incentives (Paragraph 13) and his prayer

11  seeks a money judgment for employee benefits allegedly due him from the stay-on bonus,

12  severance and other incentives (Paragraph 86 and Prayer, Paragraph 1), all of which were offered

13  to him pursuant to a welfare benefit plan governed by ERISA.

14      **5.**    No other defendants have been served with the Summons and complaint.

15      **6.**    Pursuant to Local Rule 3-2(c)-(d) and Local Rule 3-5(b), this paragraph is intended

16  to identify the proper court location for this action.  Plaintiff filed complaint in Alameda County

17  Superior Court.  The appropriate District Court location is either San Francisco or Oakland.

18      **7.**    Defendant reserves the right to supplement this Notice of Removal and/or to

19  present additional arguments in support of their entitlement to removal, if necessary.

20      **8.**    No admission of fact, law or liability is intended by this Notice of Removal, and

21  all defenses, affirmative defenses, and motions are hereby reserved.

22  Dated: January 15, 2008           WENDEL, ROSEN, BLACK & DEAN LLP

23

24                            By:

25                              David Goldman

26                              Attorneys for Defendant

                            HEXCEL CORPORATION

27

28

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA 94607-4036

*NOTICE OF REMOVAL OF ACTION; UNDER 28 U.S.C.*
*SEC. 1441(b) (FEDERAL QUESTION*     - 2 -

# EXHIBIT A





**100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
HEXCEL CORPORATION, a corporation doing business in California,
JEFFREY GERARD STEPHENS, an individual, and
DOES 1 through 25, inclusive, Defendants.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
WILLIAM FUCHS, an individual,
Plaintiff,

**FILED**
ALAMEDA COUNTY

DEC 1 7 2007

CLERK OF THE SUPERIOR COURT
By_____ Deputy

---

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Gale Schenone Hall of Justice
5672 Stoneridge Drive
Pleasanton, California 94588

CASE NUMBER:
*(Número del Caso):* **RG07361624**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jeffery M. Hubins, 5700 Stoneridge Mall Road, Suite 130, Pleasanton CA 94588 (925) 846-5400

PAT SWEETEN
EXECUTIVE OFFICER/CLERK

DATE: **DEC 1 7 2007**          Clerk, by _____, Deputy
*(Fecha)*                        *(Secretario)*                    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*

   under: [ ] CCP 416.10 (corporation)         [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)

          [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

[SEAL]
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ALAMEDA

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Jeffery M. Hubins [State Bar No. 220657]<br>SCHAUMAN & HUBINS<br>5700 Stoneridge Mall Road, Suite 130<br>Pleasanton CA 94588 | *6111659*<br><br>**FILED**<br>ALAMEDA COUNTY<br><br>DEC 17 2007<br><br>CLERK OF THE SUPERIOR COURT<br>By_____<br>Deputy |

TELEPHONE NO.: 925-846-5400     FAX NO.:
ATTORNEY FOR *(Name):* Plaintiff William Fuchs

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Alameda
STREET ADDRESS: 5672 Stoneridge Drive
MAILING ADDRESS:
CITY AND ZIP CODE: Pleasanton CA 94588
BRANCH NAME: Gale Schenone Hall of Justice

CASE NAME:

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER:<br>VG07361624 |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties         d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
       issues that will be time-consuming to resolve                in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence             f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [✓] punitive
4. Number of causes of action *(specify):* 13
5. This case [ ] is  [✓] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: December 17, 2007

Jeffery M. Hubins
(TYPE OR PRINT NAME)                                         (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courtinfo.ca.gov*
American LegalNet, Inc.

1  Jeffery M. Hubins [State Bar No. 220657]
   SCHAUMAN & HUBINS
2  5700 Stoneridge Mall Road, Suite 130
   Pleasanton, California 94588
3  Telephone (925) 846-5400
   Fax (925) 846-5402
4
   Attorneys for Plaintiff, WILLIAM FUCHS
5

ENDORSED
FILED
ALAMEDA COUNTY

DEC 1 7 2007

CLERK OF THE SUPERIOR COURT
By_____JENISE MARTINEZ_____
                              Deputy

6          IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

7              COUNTY OF ALAMEDA—UNLIMITED JURISDICTION

8

9  WILLIAM FUCHS, an individual,

10                        Plaintiff,

11      vs.

12  HEXCEL CORPORATION, a corporation
13  doing business in California, JEFFREY
    GERARD STEPHENS, an individual, and
14  DOES 1 through 25, inclusive,

15                        Defendants.

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No.  **VG07361624**

**COMPLAINT FOR DAMAGES**

(1)  **HARASSMENT AND
     DISCRIMINATION IN
     VIOLATION OF FEHA AND
     PUBLIC POLICY;**

(2)  **RETALIATION IN
     VIOLATION OF FEHA,
     LABOR CODE §§ 1102.5, 6310
     AND PUBLIC POLICY;**

(3)  **FAILURE TO TAKE ALL
     REASONABLE STEPS TO
     PREVENT DISCRIMINATION
     AND HARASSMENT IN
     VIOLATION OF FEHA AND
     PUBLIC POLICY;**

(4)  **INTENTIONAL INFLICTION
     OF EMOTIONAL DISTRESS;**

(5)  **NEGLIGENT INFLICTION OF
     EMOTIONAL DISTRESS;**

(6)  **INTENTIONAL
     MISREPRESENTATION;**

(7)  **BREACH OF CONTRACT;**

(8)  **BREACH OF THE COVENANT
     OF GOOD FAITH AND FAIR
     DEALING;**

(9)  **NEGLIGENCE;**

(10) **ASSAULT AND BATTERY;**

- 1 -

Complaint For Damages

**(11)  DEFAMATION**

**(12)  VIOLATION OF BUSINESS &**
**PROFESSIONS CODE §17200**

**(13)  CONVERSION**

Plaintiff complains against defendants, and each of them, demands a jury trial of all issues and causes of action, and alleges:

### PARTIES

1.     At all material times, plaintiff WILLIAM FUCHS (BILL or PLAINTIFF) was a resident of the State of California.  The employment contract in which he sues herein was made in and to be performed in the State of California.  At all material times, PLAINTIFF was employed as an employee by defendant HEXCEL CORPORATION (HEXCEL) in the State of California.

2.     PLAINTIFF is informed and believes that HEXCEL is a corporation employing more than five people and doing business in the State of California, County of Alameda.

3.     PLAINTIFF is informed and believes that defendant JEFFREY GERARD STEPHENS (STEPHENS) is a resident of the State of California, County of Alameda.  At all material times, defendant STEPHENS was PLAINTIFF's supervisor and was acting as a managing agent, supervisor, or manager for defendant HEXCEL in Livermore, California.  At all material times, STEPHENS was acting within the course and scope of his employment.

4.     The true names and capacities of defendants sued as Does 1 through 25, inclusive, whether individual, corporate, associate, or otherwise, are unknown to PLAINTIFF and are sued under fictitious names under CCP §474.  PLAINTIFF is informed and believes that Does 1 through 25 are California residents.  PLAINTIFF is informed and believes that each of the Doe defendants were responsible in some way for the occurrences and injuries alleged in this complaint, acted as an agent or employee of the other defendants and ratified the conduct of other defendants.

5.     PLAINTIFF is informed and believes that in doing the things alleged in this complaint, each defendant was acting as an agent or employee of every other defendant, was acting within the course and scope of this agency or employment, and was acting with the

- 2 -

Complaint For Damages

1  consent, permission, and authorization of each defendant. PLAINTIFF also is informed and

2  believes that all actions of each defendant alleged in this complaint were ratified and approved

3  by the officers or managing agents of every other defendant.

4  ## FACTUAL BACKGROUND

5      6.    On or about July 18, 1988, PLAINTIFF was hired by defendant HEXCEL as a

6  regular fulltime employee, and worked out of Hexcel's Livermore facility, located at 75 North

7  Mines Road, Livermore, California 94550. In or about January 2006 defendants HEXCEL and

8  STEPHENS began subjecting PLAINTIFF to a pattern and practice of offensive and unwelcome

9  harassment and abuse at work in the Livermore location.

10      7.    Defendant STEPHENS physically attacked BILL on or about January 24, 2006,

11  and again on February 6, 2006, by violently grabbing BILL by the hair and ear causing BILL

12  injury. STEPHENS did so without permission, provocation or other legal justification. BILL

13  suffered injuries as a result of being physically attacked by STEPHENS. STEPHENS attacked

14  BILL while each was on duty at work and in the course and scope of employment. HEXCEL

15  had knowledge of the attacks, and that STEPHENS had prior incidents and violent outbursts with

16  other employees. By and through its actions or inactions, HEXCEL ratified and authorized the

17  attack and injuries to PLAINTIFF. PLAINTIFF is informed and believes that HEXCEL failed to

18  discipline STEPHENS for the attacks. PLAINTIFF is informed and believes that STEPHENS

19  committed such acts of aggression, threats of violence, intimidation and violence onto other

20  employees before January 2006, and that HEXCEL knew of STEPHENS's prior bad acts and

21  kept STEPHENS employed despite HEXCEL's knowledge. PLAINTIFF is informed and

22  believes that had HEXCEL followed its policy and procedure with regard to STEPHENS's

23  previous incidents of aggression in workplace, PLAINTIFF would not have been assaulted. In

24  this, HEXCEL authorized, ratified and approved STEPHENS's acts with regard to PLAINTIFF.

25      8.    Each attack was reported to defendant HEXCEL. HEXCEL negligently and

26  intentionally conducted a sham investigation at the local Livermore facility where the attacks

27  occurred and concluded that PLAINTIFF was at fault for being attacked by STEPHENS.

28  HEXCEL documented PLAINTIFF's personnel file and drafted a memo that was sent to several

1    people stating that PLAINTFF was at fault for being attacked and that PLAINTIFF violated

2    company policy and practice. HEXCEL knowingly or negligently made false statements of fact

3    about PLAINTIFF with regard to the attacks and investigation. HEXCEL had a duty imposed by

4    law and its policy and practice to conduct a fair and impartial investigation of any act of violence

5    or harassment in the workplace. HEXCEL failed to properly investigate the complaint of

6    workplace harassment. PLAINTIFF suffered injury resulting from HEXCEL's intentional and

7    negligent refusal to conduct a proper investigation. By and through its actions, HEXCEL ratified

8    and authorized the injury to PLAINTIFF. PLAINTIFF is informed and believes that HEXCEL

9    and STEPHENS acted in concert to discriminate, harass and retaliate against PLAINTIFF and to

10   adversely effect PLAINTIFF's employment.

11        9.      PLAINTIFF believed HEXCEL and STEPHENS were violating laws of the State

12   of California and filed a police report with the City of Livermore, and a complaint concerning

13   the lack of workplace safety with California Department of Industrial Relations, Division of

14   Occupational Safety and Health. PLAINTIFF is informed and believes that HEXCEL and

15   STEPHENS had knowledge or should have had knowledge that PLAINTIFF filed the complaints

16   and reports. PLAINTIFF was unlawfully retaliated against by defendants and each of them, for

17   filing the complaints and reports. PLAINTIFF suffered injury resulting from defendants'

18   unlawful retaliation, harassment and discrimination.

19        10.     PLAINTIFF filed complaints with and reported the attacks to HEXCEL about

20   workplace safety and about being physically assaulted by HEXCEL's managing agent,

21   STEPHENS. HEXCEL and STEPHENS retaliated against PLAINTIFF for filing a complaint

22   with HEXCEL and against its managing agent, STEPHENS. HEXCEL's and STEPHENS's

23   retaliation violates the law, practice and policy of HEXCEL. PLAINTIFF suffered injury

24   resulting from defendants' retaliation.

25        11.     PLAINTIFF sought medical treatment for, and had a medical condition as a result

26   of being assaulted, attacked, and retaliated against at work. PLAINTIFF sought medical

27   treatment for, and had a medical condition as a result of HEXCEL's intentional or negligent

28   investigation. PLAINTIFF was instructed by a physician to take time off from work due to the

- 4 -

1  injuries and medical condition resulting from being attacked and retaliated against at work.

2  HEXCEL had knowledge that PLAINTIFF sought medical treatment and had a medical

3  condition for the injuries sustained at work due to the violence, retaliation and negligence or

4  intentional acts of HEXCEL and STEPHENS. PLAINTIFF sought leave of work because his

5  injuries caused him to suffer a medical condition and disability that precluded PLAINTIFF from

6  working for a short time. HEXCEL retaliated against PLAINTIFF for seeking medical

7  treatment, for having a medical condition, and disability.

8      12.    PLAINTIFF informed HEXCEL's corporate management about PLAINTIFF's

9  medical condition, disability, the negligent investigation and the assault, and was further

10 retaliated against. PLAINTIFF suffered additional injuries and distress related to the additional

11 retaliation.

12      13.    HEXCEL announced that it was intending to close down it Livermore facility

13 where PLAINTIFF and defendant STEPHENS were employed. HEXCEL promised

14 PLAINTIFF that if PLAINTIFF remained working until the plant closure, PLAINTIFF would be

15 compensated by being paid a "stay-on bonus," "severance," and other incentives. PLAINTIFF

16 maintained his employment through the plant closure. HEXCEL refused to pay PLAINTIFF the

17 incentives and compensation it promised to pay PLAINTIFF. In its refusal to pay PLAINTIFF

18 as promised, HEXCEL breached a contract with PLAINTIFF. PLAINTIFF is informed and

19 believes that HEXCEL breached the contract in retaliation for PLAINTIFF reporting the attacks

20 made by STEPHENS.

21      14.    PLAINTIFF was retaliated against by HEXCEL and STEPHENS by being

22 demoted, denied access to company property, denied access to computers, denied severance pay

23 and stay-on bonus, denied other accrued paid leave, by being denied accommodations and

24 disability pay, by being reassigned jobs, by being reprimanded and having his personnel file

25 negatively documented, and by suffering other adverse employment actions.

26      15.    PLAINTIFF is informed and believes that HEXCEL hired STEPHENS with

27 knowledge that STEPHENS was unfit to serve as an employee and supervisor. PLAINTIFF is

28 informed and believes that HEXCEL retained STEPHENS after learning that STEPHENS had

Complaint For Damages

1   other confrontations and acts of violence with other employees. PLAINTIFF is informed and

2   believes that HEXCEL had knowledge that STEPHENS had violent propensities and posed a

3   danger to others and compromised HEXCEL's employees' safety. HEXCEL hired, retained and

4   promoted STEPHENS with knowledge that STEPHENS was violent and unfit, and negligently

5   or intentionally refused to follow its policy or law requiring a safe workplace free from violence

6   or threats of violence and intimidation. HEXCEL did so in order to gain economic advantage

7   and to earn profit. HEXCEL by its refusal to act and with its continued retention of STEPHENS

8   in light of STEPHENS's violence in the workplace, HEXCEL ratified and authorized

9   STEPHENS acts.

10       16.    PLAINTIFF informed HEXCEL of the attacks and violence committed onto him

11  by STEPHENS and HEXCEL failed to follow its own company procedure and policy with

12  regard to harassment, discrimination, and workplace violence. HEXCEL authorized and ratified

13  the attacks and violence against PLAINTIFF. HEXCEL knowingly placed PLAINTIFF in

14  harm's way by not acting upon its knowledge of violence by its supervisor. HEXCEL placed

15  PLAINTIFF in harm's way by permitting other employees to threaten PLAINTIFF's safety and

16  health. HEXCEL by and through its actions ratified and authorized an unsafe workplace.

17       17.    PLAINTIFF is informed and believes that defendant HEXCEL refused to offer

18  PLAINTIFF continued employment with HEXCEL in retaliation for making the complaints and

19  reports with the governmental agencies and with HEXCEL, and in retaliation for PLAINTIFF

20  suffering a severe medical condition and disability.

21       18.    PLAINTIFF subsequently filed a complaint against defendants with the

22  Department of Fair Employment and Housing (DFEH) and served that complaint on defendant

23  HEXCEL. PLAINTIFF has exhausted all administrative remedies.

24                        **FIRST CAUSE OF ACTION**
         **(Harassment and Discrimination in Violation of FEHA and Public Policy)**
25

26       19.    Paragraphs 1 through 18 are incorporated herein by reference. PLAINTIFF

    complains and alleges this cause of action against each, every, and all defendants.
27

28       20.    At all material times, defendants HEXCEL and DOES 1 through 12 were

    employers in the State of California, as defined in the California Fair Employment and Housing

1 | Act (FEHA). Defendant STEPHENS and DOES 13 though 25 were, at all material times,
2 | supervisors for and employees of defendant HEXCEL.

3 |     21.   Defendants, and each of them, discriminated against PLAINTIFF on the basis of
4 | his disability and medical condition, and retaliated against PLAINTIFF on the basis of his
5 | disability and serious medical condition, all in violation of the FEHA and public policy

6 |     22.   Defendants, and each of them, engaged in a pattern and practice of discriminating
7 | against disabled employees and employees with serious medical conditions, including
8 | PLAINTIFF, on the basis of the disability and serious medical condition in violation of FEHA
9 | and public policy by engaging in a course of conduct that included subjecting PLAINTIFF to
10 | ridicule, harassment, discrimination, humiliation, violence, threats of violence, intimidation, and
11 | hostility because of PLAINTIFF's serious medical condition and disability. This behavior
12 | continued until PLAINTIFF's employment ended.

13 |     23.   Defendants HEXCEL and DOES 1 through 12 actions of reassigning PLAINTIFF
14 | to different work, adversely documenting PLAINTIFF's personnel file, disciplining PLAINTFF,
15 | willfully breaching its contract with PLAINTIFF, denying PLAINTIFF access to his workplace
16 | and computer, refusing to pay PLAINTIFF's wages, and by denying PLAINTIFF the tools
17 | enabling him to perform his duties at work constitute tangible adverse employment actions and
18 | harassment and discrimination against PLAINTIFF. HEXCEL knowingly permitted
19 | PLAINTIFF to be harassed, discriminated, threatened and retaliated against by other employees.

20 |     24.   Defendants 1 though 25 aided and abetted HEXCEL and STEPHENS in engaging
21 | in unlawful conduct on the basis of disability and medical condition against disabled employees
22 | and employees suffering a severe medical condition, including subjecting PLAINTIFF to
23 | harassment and retaliation because of his medical condition and disability in violation of FEHA
24 | and public policy. PLAINTIFF was forced, against his will, to continue working in a hostile
25 | environment created by HEXCEL as a result of his serious medical condition and disability.

26 |     25.   PLAINTIFF filed a timely claim of harassment, discrimination, and retaliation
27 | with the DFEH within one year of the last act of the ongoing continuous course of conduct of

28 |

1  discrimination and harassment. The department issued a right-to-sue letter within one year of the

2  filing of this complaint. PLAINTIFF has exhausted his administrative remedies.

3      26.    PLAINTIFF suffered and continues to suffer damages proximately caused by

4  these defendants' wrongful acts as stated in the section below entitled "DAMAGES," which is

5  incorporated here to the extent pertinent as if set forth here in full.

6                          **SECOND CAUSE OF ACTION**

7  **(Retaliation in Violation of FEHA, Labor Code §§ 1102.5, 6310 and Public Policy)**

8      27.    Paragraphs 1 through 26 are incorporated herein by reference. PLAINTIFF

9  complains and alleges this cause of action against each, every, and all defendants.

10      28.    At all times herein mentioned, PLAINTIFF was an 18 year veteran employee

11  fully competent to perform the duties to which he was assigned. PLAINTIFF believed

12  defendants, and each of them were violating laws of the State of California. PLAINTIFF

13  reported these activities to HEXCEL and governmental agencies. PLAINTIFF was diagnosed

14  with a serious medical condition and placed on disability and requested disability leave and pay.

15      29.    Defendants discriminated, harassed and retaliated against PLAINTIFF on the

16  basis of his disability, medical condition, for filing and making of complaints and reports of an

17  unsafe workplace with defendant HEXCEL and governmental agencies, and causing HEXCEL

18  to be investigated for illegal activities. PLAINTIFF was retaliated against by all defendants for

19  engaging and participating in protected activities. In retaliation for PLAINTIFF's activities,

20  disability and serious medical condition, PLAINTIFF was denied future employment with

21  defendant HEXCEL, was denied a safe work environment, was refused pay and other

22  accommodations, was transferred to a different job, and suffered other adverse employment

23  actions all in violation of FEHA, Labor Code §§ 1102.5, 6310 and public policy.

24      30.    The retaliation, harassment and discrimination violated public policy, California

25  Statutes, common law and PLAINTIFF's constitutional rights under the California Constitution.

26      31.    The retaliation, discrimination, and harassment to which PLAINTIFF was

27  subjected was severe and pervasive, was an ongoing and continuous course of conduct, and

28  created a hostile work environment. Further, defendants, and each and all of them took tangible

employment action against PLAINTIFF for his activities, disability and medical condition.

- 8 -

Complaint For Damages

1    32.    PLAINTIFF suffered and continues to suffer damages proximately caused by

2 these defendants' wrongful acts as stated in the section below entitled "DAMAGES," which is

3 incorporated here to the extent pertinent as if set forth here in full.

### THIRD CAUSE OF ACTION
**(Failure to Take all Reasonable Steps to Prevent Discrimination and Harassment in Violation of FEHA and Public Policy)**

6    33.    Paragraphs 1 through 32 are incorporated herein by reference.  PLAINTIFF

7 complains and alleges this cause of action against defendants HEXCEL and DOES 1 through 12.

8    34.    Defendants and each of them engaged in discrimination and harassment,

9 including, among other things, the conduct set forth above with the intent of harassing and

10 discriminating against PLAINTIFF.  Defendants created and subjected PLAINTIFF to a hostile

11 and unsafe work environment by their actions, and by ratification and authorization of the

12 harassing, discriminatory, and retaliatory conditions.

13    35.    Defendants and each of them, engaged in the harassing, discriminating, and

14 retaliatory conduct with the intent to cause severe emotional distress.  Defendant HEXCEL and

15 its employee supervisors and or agents knew or should have known of these actions.  HEXCEL

16 had an obligation under law, its policy and or practice to take immediate and appropriate

17 corrective action to stop harassment, hostile work environment, discrimination, and retaliation

18 but failed to do so.

19    36.    The actions above caused the PLAINTIFF to suffer adverse employment actions

20 in his employment.  Defendant had knowledge or should have had knowledge of the intolerable

21 conditions, and failed to take steps to end the unlawful activities.  PLAINTIFF suffered damages

22 proximately caused by these acts as stated in the section below entitled "DAMAGES," which is

23 incorporated here to the extent pertinent as if set forth here in full.

### FOURTH CAUSE OF ACTION
**(Intentional Infliction of Emotional Distress)**

26    37.    Paragraphs 1 through 36 are incorporated herein by reference.  PLAINTIFF

27 complains and alleges this cause of action against each, every, and all defendants.

28    38.    Defendants conduct set forth in this complaint was extreme and outrageous and an

abuse of authority and position of defendants and each of them.  Defendants' conduct was

- 9 -

1    intended to cause severe emotional distress, or was done in conscious disregard of the probability

2    of causing such distress. Defendants' conduct exceeded the inherent risks of employment and

3    was not the sort of conduct normally expected to occur in the workplace.

4         39.    Defendants each engaged in conduct intended to humiliate PLAINTIFF.

5    Defendant HEXCEL condoned, authorized, and ratified the activities of STEPHENS and its

6    other agents and supervisors and injured PLAINTIFF by its ratification of those activities.

7    HEXEL intended to cause or acted in conscious disregard of PLAINTIFF's safety.

8         40.    Defendants' conduct did in fact cause PLAINTIFF to suffer extreme emotional

9    distress. As a proximate cause of defendants' actions, PLAINTIFF suffered embarrassment,

10   anxiety, humiliation, and emotional distress, and will continue to suffer emotional distress in the

11   future in an amount according to proof at trial. PLAINTIFF suffered damages proximately

12   caused by these defendants' intentional infliction of emotional distress as stated in the section

13   below entitled "DAMAGES," incorporated here to the extent pertinent as if set forth herein.

14                          **FIFTH CAUSE OF ACTION**
                    **(Negligent Infliction of Emotional Distress)**
15
16        41.    Paragraphs 1 through 40 are incorporated herein by reference. PLAINTIFF

17   complains and alleges this cause of action against each, every, and all defendants.

18        42.    In harassing, discriminating, assaulting, battering, failing to conduct an adequate

19   investigation, and retaliating as described above against PLAINTIFF, Defendants, and each of

20   them, breached a duty to PLAINTIFF and abused their position of authority toward PLAINTIFF.

21   The conduct of Defendants, and each of them, exceeded the inherent risks of employment and

22   was not the sort of conduct normally associated with employment. Defendant HEXCEL

23   breached their duty by ratifying and authorizing defendant STEPHENS's abusive, harassing, and

24   discriminatory conduct toward PLAINTIFF and authorized and ratified the acts of its agents and

25   supervisors to retaliate against PLAINTIFF.

26        43.    PLAINTIFF suffered damages legally caused by these Defendants' negligent

27   infliction of emotional distress as stated in the section below entitled "DAMAGES," which is

28   incorporated here to the extent pertinent as if set forth here in full.

     ///

### SIXTH CAUSE OF ACTION
#### (Intentional Misrepresentation)

44.     Paragraphs 1 through 43 are incorporated herein by reference. PLAINTIFF complains and alleges this cause of action against defendant HEXCEL and DOES 1 through 12.

45.     HEXCEL promised PLAINTIFF a safe work environment free from violence, to conduct fair, impartial and prompt investigations into employee complaints, to not unlawfully retaliate against employees, to not unlawfully discriminate and harass employees, and to pay employees their proper wages as agreed upon.

46.     HEXCEL made the promises knowing it did not have the intent to fully act on them in regard to PLAINTIFF and without the expectations that it would carry out those promises in regard to PLAINTIFF.

47.     PLAINTIFF believed HEXCEL. PLAINTIFF believed HEXCEL, as PLAINTIFF's employer, had the authority and responsibility in HEXCEL's capacity, to carry forward and follow through with its promises. PLAINTIFF relied on these representations. PLAINTIFF believes these promises were made with the intent to misrepresent him.

48.     PLAINTIFF suffered damages proximately caused by the intentional misrepresentation as stated in the section below entitled "DAMAGES," which is incorporated here to the extent pertinent as if set forth here in full.

### SEVENTH CAUSE OF ACTION
#### (Breach of Contract)

49.     Paragraphs 1 through 48 are incorporated herein by reference. PLAINTIFF complains and alleges this cause of action against defendants HEXCEL and DOES 1 through 12.

50.     PLAINTIFF and HEXCEL and DOES 1 through 12 entered into an employment contract during the term of PLAINTIFF's employment. The contract was oral, written and implied-in-fact. The basic terms of the agreement were that that any complaint of harassment, discrimination and retaliation would be investigated and resolved promptly and fairly, that HEXCEL would provide PLAINTIFF with a safe workplace, that PLAINTIFF would not be retaliated against for participation in or initiating a complaint with a governmental agency, and that PLAINTIFF would earn agreed-upon wages and fringe benefits.

51.    PLAINTIFF undertook and continued employment and duly performed all of the conditions of the employment agreement to be performed by him until prevented by defendants from further performance.  PLAINTIFF had, at all times, been ready, willing and able to perform all of the conditions of the agreement to be performed by him.

52.    HEXCEL and DOES 1 through 12 breached the oral, written and implied-in-fact employment agreement by failing to perform its duties outlined above.

53.    PLAINTIFF suffered damages proximately caused by the breach of contract as stated in the section below entitled "DAMAGES," which is incorporated here to the extent pertinent as if set forth here in full.

## EIGHTH CAUSE OF ACTION
### (Breach of the Covenant of Good Faith and Fair Dealing)

54.    Paragraphs 1 through 53 are incorporated herein by reference.  PLAINTIFF complains and alleges this cause of action against defendants HEXCEL and DOES 1 through 12.

55.    Defendants had the legal duty to act fairly and in good faith towards PLAINTIFF in connection with the employment agreement.  Defendants covenanted to give full cooperation to PLAINTIFF in his performance under the employment agreement, to treat PLAINTIFF fairly and in good faith, to treat PLAINTIFF the same way as other similarly situated employees, and to refrain from any act which would impede any of the conditions of the employment agreement from being performed, which would deny the employment agreement, or which would prevent PLAINTIFF from receiving the benefits of the employment agreement.

56.    From about January 2006, defendants HEXCEL and DOES 1 through 12 breached these duties imposed by law in connection with the employment agreement by failing to perform the obligations and duties as agreed upon.

57.    PLAINTIFF suffered damages legally caused by these defendants' breach of the covenant of good faith and fair dealing as stated in the section below entitled "DAMAGES," which is incorporated here to the extent pertinent as if set forth herein full.

/ / /

/ / /

/ / /

- 12 -

## NINTH CAUSE OF ACTION
### (Negligence)

58.    Paragraphs 1 through 57 are incorporated herein by reference. PLAINTIFF complains and alleges this cause of action against defendants HEXCEL and DOES 1 through 12.

59.    Defendants owed a duty to PLAINTIFF to provide PLAINTIFF with a safe workplace environment free from harassment, to prevent discrimination, harassment, and retaliation, to take action to prevent harm from occurring, to not hire or retain employees likely to commit violence in the workplace or who pose an unreasonable risk of danger to the safety of others, to fairly and promptly investigate all claims of harassment and violence in the workplace, and to permit employees to participate in or initiate complaints in the workplace free from unlawful retaliation. HEXCEL further owes PLAINTIFF a duty not to knowingly place PLAINTIFF in a position of harm. HEXEL breached each of its duties above mentioned.

60.    PLAINTIFF suffered damages legally and proximately caused by HEXCEL's negligence as stated in the section below entitled "DAMAGES," which is incorporated here to the extent pertinent as if set forth here in full.

## TENTH CAUSE OF ACTION
### (Assault and Battery)

66.    Paragraphs 1 through 65 are incorporated herein by reference. PLAINTIFF complains and alleges this cause of action against each, every, and all defendants.

67.    In January and February 2006 STEPHENS, while acting during the course and scope of his employment, did, without consent permission or other legal justification, intentionally, offensively, and violently grab PLAINTIFF by the hair and by the ear with the intent to commit harm.

68.    STEPHENS did commit injury to PLAINTIFF. HEXCEL knew or should have known STEPHENS had committed violent acts towards PLAINTIFF and towards other employees in the past. HEXCEL by its actions ratified, authorized, and approved STEPHENS physically attacking PLAINTIFF. HEXCEL is vicariously liable for STEPHENS acts.

- 13 -

1    69.    PLAINTIFF suffered damages legally and proximately caused by these

2    defendants' acts as stated in the section below entitled "DAMAGES," incorporated here to the

3    extent pertinent as if set forth here in full.

### ELEVENTH CAUSE OF ACTION
#### (Defamation)

70.    Paragraphs 1 through 69 are incorporated herein by reference.  PLAINTIFF

complains and alleges this cause of action against HEXCEL and DOES 1 through 12.

71.    PLAINTIFF was assaulted by STEPHENS in January and February 2006.  The

assault was the fault of STEPHENS, STEPHENS admitted this to an officer of law, and the

assault was committed against PLAINTIFF without legal justification.  The assault and attack

against PLAINTIFF were in violation of company policy, procedure, and in violation of the laws

of the State of California.  HEXCEL knew and understood this.  PLAINTIFF did not violate any

company policy with regard to the assault.

72.    Despite the truth, and despite HEXCEL's knowledge, constructive or otherwise of

the truth, HEXCEL made and published false statements by way of a memo to PLAINTIFF and

others defaming PLAINTIFF in his professional capacity and personal capacity.  HEXCEL

knowingly, willfully and intentionally drafted and published this memo with false statements

about PLAINTIFF to third parties, including the placing of a copy of the memo into

PLAINTIFF's personnel file.  This memo and the statements made therein caused PLAINTIFF

harm to his reputation and person.  PLAINTIFF is informed and believes that HEXCEL made

false statements about PLAINTIFF to third parties outside of the memo and during and after its

negligently conducted investigation into the incident giving rise to this litigation.

73.    HEXCEL committed defamation by knowingly publishing false information

about PLAINTIFF, not opinion, with the intent to commit harm to PLAINTIFF.

74.    PLAINTIFF suffered damages legally caused by these defendants' defamatory

statements as stated in the section below entitled "DAMAGES," which is incorporated here to

the extent pertinent as if set forth here in full.

///

///

- 14 -

## TWELFTH CAUSE OF ACTION
(Business and Professions Code §17200)

75.    Paragraphs 1 through 74 are incorporated herein by reference.  PLAINTIFF complains and alleges this cause of action against defendant HEXCEL and DOES 1 through 12.

76.    Section 17200 of the California Business and Professions Code prohibits any unlawful, unfair or fraudulent business act or practice.

77.    Defendants have engaged in, during the time PLAINTIFF was employed there, the following unlawful, unfair and fraudulent business practices in violation of Section 17200 of the California Business and Professions Code by:

a.  defendants' kept PLAINTIFF from seeking other employment and kept PLAINTIFF from leaving defendants' employ by the making of false promises;

b.  retaliating against PLAINTIFF for reporting that HEXCEL and its employees were violating State of California laws and regulations;

c.  retaliating against PLAINTIFF based on PLAINTIFF's medical condition and disability;

d.  refusing to pay PLAINTIFF money and wages that HEXCEL was bound to pay PLAINTIFF;

e.  coercing PLAINTIFF to maintain his employment despite defendants' unlawful actions;

f.  failing to pay PLAINTIFF wages in accordance with law; and,

g.  forcing people to work in unsafe work conditions and under the threat of continued workplace harassment and violence.

78.    These challenged policies and practices have harmed the PLAINTIFF, and the general public.

79.    PLAINTIFF suffered and continues to suffer damages proximately caused by these defendants' wrongful acts as stated in the section below entitled "DAMAGES," which is incorporated here to the extent pertinent as if set forth here in full.  PLAINTIFF is entitled to an award of reasonable attorneys' fees pursuant to CCP Section 1021.5.

///

## THIRTEENTH CAUSE OF ACTION
### (Conversion)

80.    Paragraphs 1 through 79 are incorporated herein by reference. PLAINTIFF complains and alleges this cause of action against HEXCEL and DOES 1 through 12.

81.    Pursuant to the employment agreement and or statue, PLAINTIFF is entitled to be paid, and at the proper rate of pay according to contract or statue, for all work performed.

82.    Defendants, and each of them, refused to pay PLAINTIFF's lawfully earned wages or contract value. At the time wages or consideration are due they became the property of PLAINTIFF's. As such, PLAINTIFF has a right to possess his wages when the employer is obligated to pay them to PLAINTIFF.

83.    Defendants willfully and intentionally prevented PLAINTIFF from having access to his wages for a significant period of time. PLAINTIFF did not consent to defendants' withholding of wages and PLAINTIFF suffered harm as a result of defendant depriving PLAINTIFF access to his wages. Defendants' actions alone were the cause of or a substantial factor in causing PLAINTIFF's harm suffered as a result of intentionally withholding wages.

84.    Defendants and each of them acted with malice, fraud, oppression, and or conscious disregard to the statutory rights of plaintiff. Such wrongful and intentional acts justify an award of punitive damages.

85.    PLAINTIFF suffered damages legally caused by these defendants' conversion as stated in the section below entitled "DAMAGES," which is incorporated here to the extent pertinent as if set forth here in full.

## DAMAGES

86.    As a legal result of the conduct by defendants of which PLAINTIFF complains, PLAINTIFF suffered and continues to suffer substantial losses in earnings and other employee benefits. PLAINTIFF will seek leave to amend this complaint to state the amount or will proceed according to proof at trial.

87.    PLAINTIFF suffered emotional distress as a legal result of the conduct by defendants of which PLAINTIFF complains. PLAINTIFF suffered mental distress, suffering and anguish as a legal result of defendants' outrageous conduct, reacting to the retaliation and

- 16 -

Complaint For Damages

1  defendants' other misconduct with humiliation, embarrassment, anger, disappointment and

2  worry, all of which is substantial and enduring.  PLAINTIFF will seek leave to amend this

3  complaint to state the amount or will proceed according to proof at trial.

4      88.    At all material times, defendants, and each of them, were in a position of power

5  over PLAINTIFF, with the potential to abuse that power.  PLAINTIFF was in a vulnerable

6  position because of his relative lack of power, because he was emotionally vulnerable as a result

7  of being harassed and abused, because of his reliance on defendants' assurances, because he had

8  placed her trust in defendants, because he depended on his employment for self esteem and sense

9  of belonging, and because of the great disparity in bargaining power between PLAINTIFF and

10  his employer.  Defendants were aware of PLAINTIFF's vulnerability and the reasons for it.

11      89.    Defendant HEXCEL had advanced knowledge of STEPHENS's unfitness and

12  employed him with the conscious disregard for the PLAINTIFF's safety and the safety of others.

13      90.    Notwithstanding such knowledge, defendants, and each of them, acted

14  oppressively, fraudulently, and maliciously, in willful and conscious disregard of PLAINTIFF's

15  rights, and with the intention of causing or in reckless disregard of the probability of causing

16  injury and emotional distress to the PLAINTIFF.

17      91.    Further, defendants were informed of the oppressive, fraudulent and malicious

18  conduct of their employees, agents and subordinates, and ratified, approved, and authorized that

19  conduct.

20      92.    The foregoing conduct of defendants, and each of them, was intentional, willful

21  and malicious and PLAINTIFF is entitled to punitive damages in an amount to conform to proof.

22                              **PRAYER**

23  Wherefore PLAINTIFF prays for judgment against defendants, and each of them, as follows:

24      1. For a money judgment representing compensatory damages including lost wages,

25  earnings, retirement benefits and other employee benefits, and all other sums of money, together

26  with interest on these amounts, according to proof;

27      2. For a money judgment for mental pain and anguish and emotional distress, according

28  to proof;

1      3.  For an award of punitive damages, according to proof;

2      4.  For costs of suit and attorney fees pursuant to California Code of Civil Procedure

3  §1021.5, California Government Code §12965(b), and any other appropriate authority;

4      5.  For prejudgment and post-judgment interest;

5      6.  For any other relief that is just and proper; and

6  **JURY TRIAL DEMAND**

7      PLAINTIFF demands trial by jury for each fact and all causes of action.

8

9  DATED:  This 17th day of December 2007           SCHAUMAN & HUBINS

10

11

12

13                    By: JEFFERY M. HUBINS

14                    Attorneys for Plaintiff,
BILL FUCHS

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Complaint For Damages

Schauman & Hubins
Attn: Hubins, Jeffery M.
5700 Stoneridge Mall Road
Ste. 130295
Pleasanton, CA 94588

## Superior Court of California, County of Alameda

| Fuchs | No. VG07361624 |
|---|---|
| **Plaintiff/Petitioner(s)** | |
| VS. | **NOTICE OF CASE MANAGEMENT CONFERENCE AND ORDER** |
| Hexcel Corporation, a corporation doing business in | Unlimited Jurisdiction |
| **Defendant/Respondent(s)** | |
| (Abbreviated Title) | |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD.

Notice is given that a Case Management Conference has been scheduled as follows:

| Date: 05/01/2008 | Department: 16 | Judge: **Lawrence John Appel** |
|---|---|---|
| Time: 09:00 AM | Location: **Administration Building** | Clerk: **Ana Liza Tumonong** |
| | **Third Floor** | Clerk telephone: **(510) 267-6932** |
| | **1221 Oak Street, Oakland CA 94612** | E-mail: |
| | Internet: **http://www.alameda.courts.ca.gov** | Fax: **(510) 267-1504** |

### ORDERS

1. You must:
   a. **Serve** all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (CRC 3.110(b));
   b. **Give notice** of this conference to any party not included in this notice and file proof of service;
   c. **Meet and confer**, in person or by telephone, to consider each of the issues identified in CRC 3.724 no later than 30 calendar days before the date set for the Case Management Conference;
   d. **File and serve** a completed Case Management Conference Statement (use of Judicial Council Form CM 110 is mandatory) at least 15 days before the Case Management Conference (CRC 3.725)

2. If you do not follow the orders above, you are hereby ordered to show cause why you should not be sanctioned under CRC 2.30. The hearing on the Order to Show Cause re: Sanctions will be at the same time as the Case Management Conference. Sanctions may include monetary sanctions and any other sanction permitted by law, including striking pleadings or dismissing the action.

3. You are further ordered to appear in person* (or through your attorney of record) at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed.

4. The Direct Calendar Judge will issue orders at the conclusion of the conference that should include:
   a. Referring to ADR and setting an ADR completion date
   b. Dismissing or severing claims or parties
   c. Setting a trial date.

*Telephonic appearances at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties may make arrangements by calling 1-888-882-6878, or faxing a service request to 1-888-882-2946. This service is subject to charges by the vendor.

### CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice of Hearing by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 12/20/2007.

By _____

Deputy Clerk

## *Superior Court of California, County of Alameda*



## *Notice of Judicial Assignment for All Purposes*

Case Number:VG07361624
Case Title:    Fuchs VS Hexcel Corporation, a corporation doing business in
Date of Filing: 12/17/2007

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**This case is hereby assigned for all purposes to:**

| | |
|---|---|
| **Judge:** | **Lawrence John Appel** |
| **Department:** | **16** |
| **Address:** | **Administration Building** |
| | **1221 Oak Street** |
| | **Oakland  CA  94612** |
| **Phone Number:** | **(510) 267-6932** |
| **Fax Number:** | **(510) 267-1504** |
| **Email Address:** | |

Under direct calendaring, this case is assigned to a single judge for all purposes including trial.

**Please note: In this case, any challenge pursuant to Code of Civil Procedure §170.6 must be exercised within the time period provided by law.  (See Govt. Code 68616(i); Motion Picture and Television Fund Hosp. v. Superior Court (2001) 88 Cal.App.4th 488, 494; and Code Civ. Proc. §1013.)**

IT IS THE DUTY OF EACH PLAINTIFF AND CROSS COMPLAINANT TO SERVE A COPY OF THIS NOTICE IN ACCORDANCE WITH LOCAL RULES.

### General Procedures

All pleadings and other documents must be filed in the clerk's office at any court location except when the Court permits the lodging of material directly in the assigned department. All documents, with the exception of the original summons and the original civil complaint, shall have clearly typed on the face page of each document, under the case number, the following:

ASSIGNED FOR ALL PURPOSES TO
JUDGE Lawrence John Appel
DEPARTMENT 16

Counsel are expected to know and comply with the Local Rules of this Court, which are available on the Court's website at: http://www.alameda.courts.ca.gov/courts/rules/index.shtml and with the California Rules of Court, which are available at www.courtinfo.ca.gov.

The parties are always encouraged to consider using various alternatives to litigation, including mediation and arbitration, prior to the Initial Case Management Conference. The Court may refer parties to alternative dispute resolution resources.

### Schedule for Department 16

The following scheduling information is subject to change at any time, without notice. Please contact the department at the phone number or email address noted above if you have questions.

- Trials generally are held: Tuesdays through Thursdays from 9:45 a.m. to 4:30 p.m.
- Case Management Conferences are held: Initial Case Management Conferences: Tuesdays through Fridays at 9:00 a.m.
- Case Management Conference Continuances: Tuesdays through Thursdays at 9:30 a.m.
- Law and Motion matters are heard: Mondays at 9:00 a.m. and 3:00 p.m.
- Settlement Conferences are heard: Fridays at 10:00 a.m.
- Ex Parte matters are heard: Tuesdays and Fridays at 9:00 a.m.

### Law and Motion Procedures

To obtain a hearing date for a Law and Motion or ex parte matter, parties must contact the department as follows:

- Motion Reservations
  Phone:      (510) 267-6932

  Fax (510) 272-6171

- Ex Parte Matters
  Phone:      (510)  267-6932

  Fax (510) 272-6171

### Tentative Rulings

The court will issue tentative rulings in accordance with the Local Rules. Tentative rulings will become the Court's order unless contested in accordance with the Local Rules. Tentative rulings will be available at:

- Website: www.alameda.courts.ca.gov/domainweb, Calendar Information for Dept. 16
- Phone: 1-866-223-2244

Dated:  12/19/2007

Executive Officer / Clerk of the Superior Court

By  _~~Nicolette Criffitt~~_ digital
                                          Deputy Clerk

---

### CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice by placing copies in envelopes addressed as shown on the attached Notice of Initial Case Management Conference and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 12/20/2007

By  _~~Nicolette Criffitt~~_ digital
                                          Deputy Clerk