1  Jeffery M. Hubins [State Bar No. 220657]
   William F. Schauman [State Bar. No. 210661]
2  SCHAUMAN & HUBINS
   5700 Stoneridge Mall Road, Suite 130
3  Pleasanton, California 94588
   Telephone (925) 846-5400
4  Fax (925) 846-5402
   Email: jhubins@schauman-hubins.com
5
   Attorneys for Plaintiff
6  WILLIAM FUCHS

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10
   WILLIAM FUCHS,                          Case No.  C08-00254 CRB ADR
11
                        Plaintiff,          **[PLAINTIFF'S] DECLARATION OF**
12                                          **JEFFERY M. HUBINS IN SUPPORT OF**
           vs.                              **PLAINTIFF'S MOTION FOR REMAND**
13                                          **AND ATTORNEY FEES**

14 HEXCEL CORPORATION,  a corporation       Hearing Date:  Friday, March 21, 2008
   doing business in California, JEFFREY     Hearing Time:  10:00 a.m.
15 GERARD STEPHENS, an individual, and      Courtroom:  8
   DOES 1 through 25, inclusive,
16
                        Defendants.
17

18 I, JEFFERY M. HUBINS, do hereby declare that:

19
           1.      I am an attorney, licensed to practice before all of the Courts of the State of
20
   California and am currently a partner in the law firm known as "SCHAUMAN & HUBINS."
21
   Our office represents Plaintiff, WILLIAM FUCHS ("PLAINTIFF"), in the above-captioned
22
   matter.
23
           2.      On December 17, 2007, Plaintiff filed this action in Superior Court of California,
24
   County of Alameda, alleging disability harassment and discrimination, whistleblower retaliation,
25
   breach of contract, infliction of emotional distress, defamation, assault, and conversion against
26
   plaintiff's former employer, Hexcel, and against Hexcel's former supervisor, Jeff Stephens.
27
   **Exhibit No. 1**.
28

                                      - 1 -

3.     Defendant Hexcel removed to federal court on January 15, 2008, declaring federal court has jurisdiction under ERISA because plaintiff alleges "he was entitled to a stay-on bonus, severance" and because plaintiff seeks money judgment for benefits due plaintiff from the severance and stay-on bonus.  **Exhibit No. 2**

4.     Hexcel's promised severance and stay-on bonus were based on a pre-determined formula using the employee's length of service.  **Exhibit No. 3**.

5.     If plaintiff worked at Hexcel until the plant closure, he would be paid a severance of 880.0 hours at his "regular salary less required deductions and withholdings, payable in bi-weekly installments on the company's normal pay dates."  **Exhibit No. 4**.  Plaintiff's stay-on bonus was to be made in one payment on the date of plant closure in the amount 240.0 hours.  **Exhibit No. 4**.

6.     When presented with the written agreement, which contained a release and confidentiality clause, plaintiff refused to sign the release because he had an ongoing dispute and impending litigation with Hexcel regarding his employment.  Hexcel then denied plaintiff his severance and stay-on bonus.

7.     Immediately after receiving the removal notice, I attempted to meet and confer with defendant seeking defendant's stipulation to remand.  Plaintiff sent numerous emails, letters and made several telephone calls to defendant's attorney trying to obtain a stipulation to remand. I provided ample authority supporting plaintiff's position that defendant's removal was improper.  In spite of clear authority, defendant refused to remand.

8.     On January 19, 2008, plaintiff telephoned Hexcel's attorney, David Goldman, to meet and confer on the issue of the removal.  Mr. Goldman did not answer, so later that day plaintiff followed the telephone call with a detailed meet and confer letter providing ample authority supporting plaintiff's position that defendant's removal was improper, including in it the same authority cited in this motion.  **Exhibit No. 5**.

- 2 -

9.      On January 22 I drafted a second meet and confer letter (sent by email and fax) further detailing with additional authority and reasons defendant's removal was improper, seeking Hexcel's stipulation in remanding the case to state court. **Exhibit No. 6**.

10.      On January 23 I asked Mr. Goldman for the third time if defendant would stipulate to remanding the case to state court. **Exhibit No. 7**.

11.      On January 24, after four attempts, I was finally successful in contacting Mr. Goldman on the telephone, but he still refused to stipulate to a remand, and without explanation. **Exhibit No. 8**.

12.      On Each attempt to meet and confer, I provided defendant with authority and clear analysis about why defendant's removal was improper and advised defendant that if this motion required filing, I would seek an award of attorney fees.

13.      Mr. Goldman, defendant Hexcel's attorney, advised plaintiff in December 2007 that he would accept service of the complaint on behalf of his client, Hexcel. I mailed the complaint and summons to defendant's attorney with an acknowledgement receipt.

14.      On numerous occasions I telephoned and emailed Mr. Goldman inquiring about the return of the acknowledgement informing Mr. Goldman that I wished to serve defendant with discovery.

15.      I spent numerous hours drafting discovery according to the state court rules and citing to relevant state court statutes where necessary.

16.      The day prior to removing the action Mr. Goldman told me that he needed to call his client to obtain authority with regard to accepting discovery.

17.      I spent 24.6 hours, preparing the motion, researching the relevant case law on removal, meeting and conferring with opposing counsel, and filing this motion and supporting declaration. My normal hourly fee is $295. My total hours multiplied by my customary hourly rate for preparing this motion totals $7,257.00.

I declare, under the penalties for perjury, pursuant to the laws of the State of California, wherein this Declaration has been executed, and under the laws of the United States, which

1  pertain to the proceeding in which this Declaration is offered, that the foregoing is true and

2  correct of my own personal knowledge, and, if I was called to testify regarding these matters, I

3  would testify as set forth herein.  I further declare that the foregoing was executed on January 30,

4  2008, in the City of Pleasanton, County of Alameda, State of California.

5

6

7

8  DATED:  This 31st day of January 2008                    SCHAUMAN & HUBINS

9

10

11                                                                        By: JEFFERY M. HUBINS

12                                                                        Attorneys for Plaintiff,

13                                                                        WILLIAM FUCHS

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[Plaintiff's] Declaration of Jeffery Hubins in Support of Plaintiff's Motion to Remand
Case No. C08-00254 CRB ADR

# EXHIBIT    1

1   Jeffery M. Hubins [State Bar No. 220657]
    SCHAUMAN & HUBINS
2   5700 Stoneridge Mall Road, Suite 130
    Pleasanton, California 94588
3   Telephone (925) 846-5400
    Fax (925) 846-5402
4
    Attorneys for Plaintiff, WILLIAM FUCHS
5

ENDORSED
FILED
ALAMEDA COUNTY

DEC 17 2007

CLERK OF THE SUPERIOR COURT
By_____JENISE MARTINEZ_____
                              Deputy

6           IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

7              COUNTY OF ALAMEDA—UNLIMITED JURISDICTION

8

9   WILLIAM FUCHS, an individual,

10                          Plaintiff,

11      vs.

12  HEXCEL CORPORATION,  a corporation
    doing business in California, JEFFREY
13  GERARD STEPHENS, an individual, and
    DOES 1 through 25, inclusive,
14

15                          Defendants.

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No.  VG07361624

**COMPLAINT FOR DAMAGES**

(1)   **HARASSMENT AND
       DISCRIMINATION IN
       VIOLATION OF FEHA AND
       PUBLIC POLICY;**

(2)   **RETALIATION IN
       VIOLATION OF FEHA,
       LABOR CODE §§ 1102.5, 6310
       AND PUBLIC POLICY;**

(3)   **FAILURE TO TAKE ALL
       REASONABLE STEPS TO
       PREVENT DISCRIMINATION
       AND HARASSMENT IN
       VIOLATION OF FEHA AND
       PUBLIC POLICY;**

(4)   **INTENTIONAL INFLICTION
       OF EMOTIONAL DISTRESS;**

(5)   **NEGLIGENT INFLICTION OF
       EMOTIONAL DISTRESS;**

(6)   **INTENTIONAL
       MISREPRESENTATION;**

(7)   **BREACH OF CONTRACT;**

(8)   **BREACH OF THE COVENANT
       OF GOOD FAITH AND FAIR
       DEALING;**

(9)   **NEGLIGENCE;**

(10)  **ASSAULT AND BATTERY;**

- 1 -

(11)  **DEFAMATION**

(12)  **VIOLATION OF BUSINESS & PROFESSIONS CODE §17200**

(13)  **CONVERSION**

Plaintiff complains against defendants, and each of them, demands a jury trial of all issues and causes of action, and alleges:

**PARTIES**

1.      At all material times, plaintiff WILLIAM FUCHS (BILL or PLAINTIFF) was a resident of the State of California.  The employment contract in which he sues herein was made in and to be performed in the State of California.  At all material times, PLAINTIFF was employed as an employee by defendant HEXCEL CORPORATION (HEXCEL) in the State of California.

2.      PLAINTIFF is informed and believes that HEXCEL is a corporation employing more than five people and doing business in the State of California, County of Alameda.

3.      PLAINTIFF is informed and believes that defendant JEFFREY GERARD STEPHENS (STEPHENS) is a resident of the State of California, County of Alameda.  At all material times, defendant STEPHENS was PLAINTIFF's supervisor and was acting as a managing agent, supervisor, or manager for defendant HEXCEL in Livermore, California.  At all material times, STEPHENS was acting within the course and scope of his employment.

4.      The true names and capacities of defendants sued as Does 1 through 25, inclusive, whether individual, corporate, associate, or otherwise, are unknown to PLAINTIFF and are sued under fictitious names under CCP §474.  PLAINTIFF is informed and believes that Does 1 through 25 are California residents.  PLAINTIFF is informed and believes that each of the Doe defendants were responsible in some way for the occurrences and injuries alleged in this complaint, acted as an agent or employee of the other defendants and ratified the conduct of other defendants.

5.      PLAINTIFF is informed and believes that in doing the things alleged in this complaint, each defendant was acting as an agent or employee of every other defendant, was acting within the course and scope of this agency or employment, and was acting with the

- 2 -

Complaint For Damages

1  consent, permission, and authorization of each defendant. PLAINTIFF also is informed and

2  believes that all actions of each defendant alleged in this complaint were ratified and approved

3  by the officers or managing agents of every other defendant.

4  ## FACTUAL BACKGROUND

5    6.  On or about July 18, 1988, PLAINTIFF was hired by defendant HEXCEL as a

6  regular fulltime employee, and worked out of Hexcel's Livermore facility, located at 75 North

7  Mines Road, Livermore, California 94550. In or about January 2006 defendants HEXCEL and

8  STEPHENS began subjecting PLAINTIFF to a pattern and practice of offensive and unwelcome

9  harassment and abuse at work in the Livermore location.

10    7.  Defendant STEPHENS physically attacked BILL on or about January 24, 2006,

11  and again on February 6, 2006, by violently grabbing BILL by the hair and ear causing BILL

12  injury. STEPHENS did so without permission, provocation or other legal justification. BILL

13  suffered injuries as a result of being physically attacked by STEPHENS. STEPHENS attacked

14  BILL while each was on duty at work and in the course and scope of employment. HEXCEL

15  had knowledge of the attacks, and that STEPHENS had prior incidents and violent outbursts with

16  other employees. By and through its actions or inactions, HEXCEL ratified and authorized the

17  attack and injuries to PLAINTIFF. PLAINTIFF is informed and believes that HEXCEL failed to

18  discipline STEPHENS for the attacks. PLAINTIFF is informed and believes that STEPHENS

19  committed such acts of aggression, threats of violence, intimidation and violence onto other

20  employees before January 2006, and that HEXCEL knew of STEPHENS's prior bad acts and

21  kept STEPHENS employed despite HEXCEL's knowledge. PLAINTIFF is informed and

22  believes that had HEXCEL followed its policy and procedure with regard to STEPHENS's

23  previous incidents of aggression in workplace, PLAINTIFF would not have been assaulted. In

24  this, HEXCEL authorized, ratified and approved STEPHENS's acts with regard to PLAINTIFF.

25    8.  Each attack was reported to defendant HEXCEL. HEXCEL negligently and

26  intentionally conducted a sham investigation at the local Livermore facility where the attacks

27  occurred and concluded that PLAINTIFF was at fault for being attacked by STEPHENS.

28  HEXCEL documented PLAINTIFF's personnel file and drafted a memo that was sent to several

1   people stating that PLAINTFF was at fault for being attacked and that PLAINTIFF violated
2   company policy and practice. HEXCEL knowingly or negligently made false statements of fact
3   about PLAINTIFF with regard to the attacks and investigation. HEXCEL had a duty imposed by
4   law and its policy and practice to conduct a fair and impartial investigation of any act of violence
5   or harassment in the workplace. HEXCEL failed to properly investigate the complaint of
6   workplace harassment. PLAINTIFF suffered injury resulting from HEXCEL's intentional and
7   negligent refusal to conduct a proper investigation. By and through its actions, HEXCEL ratified
8   and authorized the injury to PLAINTIFF. PLAINTIFF is informed and believes that HEXCEL
9   and STEPHENS acted in concert to discriminate, harass and retaliate against PLAINTIFF and to
10  adversely effect PLAINTIFF's employment.

11      9.      PLAINTIFF believed HEXCEL and STEPHENS were violating laws of the State
12  of California and filed a police report with the City of Livermore, and a complaint concerning
13  the lack of workplace safety with California Department of Industrial Relations, Division of
14  Occupational Safety and Health. PLAINTIFF is informed and believes that HEXCEL and
15  STEPHENS had knowledge or should have had knowledge that PLAINTIFF filed the complaints
16  and reports. PLAINTIFF was unlawfully retaliated against by defendants and each of them, for
17  filing the complaints and reports. PLAINTIFF suffered injury resulting from defendants'
18  unlawful retaliation, harassment and discrimination.

19      10.     PLAINTIFF filed complaints with and reported the attacks to HEXCEL about
20  workplace safety and about being physically assaulted by HEXCEL's managing agent,
21  STEPHENS. HEXCEL and STEPHENS retaliated against PLAINTIFF for filing a complaint
22  with HEXCEL and against its managing agent, STEPHENS. HEXCEL's and STEPHENS's
23  retaliation violates the law, practice and policy of HEXCEL. PLAINTIFF suffered injury
24  resulting from defendants' retaliation.

25      11.     PLAINTIFF sought medical treatment for, and had a medical condition as a result
26  of being assaulted, attacked, and retaliated against at work. PLAINTIFF sought medical
27  treatment for, and had a medical condition as a result of HEXCEL's intentional or negligent
28  investigation. PLAINTIFF was instructed by a physician to take time off from work due to the

1   injuries and medical condition resulting from being attacked and retaliated against at work.

2   HEXCEL had knowledge that PLAINTIFF sought medical treatment and had a medical

3   condition for the injuries sustained at work due to the violence, retaliation and negligence or

4   intentional acts of HEXCEL and STEPHENS. PLAINTIFF sought leave of work because his

5   injuries caused him to suffer a medical condition and disability that precluded PLAINTIFF from

6   working for a short time. HEXCEL retaliated against PLAINTIFF for seeking medical

7   treatment, for having a medical condition, and disability.

8       12.     PLAINTIFF informed HEXCEL's corporate management about PLAINTIFF's

9   medical condition, disability, the negligent investigation and the assault, and was further

10  retaliated against. PLAINTIFF suffered additional injuries and distress related to the additional

11  retaliation.

12      13.     HEXCEL announced that it was intending to close down it Livermore facility

13  where PLAINTIFF and defendant STEPHENS were employed. HEXCEL promised

14  PLAINTIFF that if PLAINTIFF remained working until the plant closure, PLAINTIFF would be

15  compensated by being paid a "stay-on bonus," "severance," and other incentives. PLAINTIFF

16  maintained his employment through the plant closure. HEXCEL refused to pay PLAINTIFF the

17  incentives and compensation it promised to pay PLAINTIFF. In its refusal to pay PLAINTIFF

18  as promised, HEXCEL breached a contract with PLAINTIFF. PLAINTIFF is informed and

19  believes that HEXCEL breached the contract in retaliation for PLAINTIFF reporting the attacks

20  made by STEPHENS.

21      14.     PLAINTIFF was retaliated against by HEXCEL and STEPHENS by being

22  demoted, denied access to company property, denied access to computers, denied severance pay

23  and stay-on bonus, denied other accrued paid leave, by being denied accommodations and

24  disability pay, by being reassigned jobs, by being reprimanded and having his personnel file

25  negatively documented, and by suffering other adverse employment actions.

26      15.     PLAINTIFF is informed and believes that HEXCEL hired STEPHENS with

27  knowledge that STEPHENS was unfit to serve as an employee and supervisor. PLAINTIFF is

28  informed and believes that HEXCEL retained STEPHENS after learning that STEPHENS had

Complaint For Damages

1    other confrontations and acts of violence with other employees. PLAINTIFF is informed and

2    believes that HEXCEL had knowledge that STEPHENS had violent propensities and posed a

3    danger to others and compromised HEXCEL's employees' safety. HEXCEL hired, retained and

4    promoted STEPHENS with knowledge that STEPHENS was violent and unfit, and negligently

5    or intentionally refused to follow its policy or law requiring a safe workplace free from violence

6    or threats of violence and intimidation. HEXCEL did so in order to gain economic advantage

7    and to earn profit. HEXCEL by its refusal to act and with its continued retention of STEPHENS

8    in light of STEPHENS's violence in the workplace, HEXCEL ratified and authorized

9    STEPHENS acts.

10    16.    PLAINTIFF informed HEXCEL of the attacks and violence committed onto him

11    by STEPHENS and HEXCEL failed to follow its own company procedure and policy with

12    regard to harassment, discrimination, and workplace violence. HEXCEL authorized and ratified

13    the attacks and violence against PLAINTIFF. HEXCEL knowingly placed PLAINTIFF in

14    harm's way by not acting upon its knowledge of violence by its supervisor. HEXCEL placed

15    PLAINTIFF in harm's way by permitting other employees to threaten PLAINTIFF's safety and

16    health. HEXCEL by and through its actions ratified and authorized an unsafe workplace.

17    17.    PLAINTIFF is informed and believes that defendant HEXCEL refused to offer

18    PLAINTIFF continued employment with HEXCEL in retaliation for making the complaints and

19    reports with the governmental agencies and with HEXCEL, and in retaliation for PLAINTIFF

20    suffering a severe medical condition and disability.

21    18.    PLAINTIFF subsequently filed a complaint against defendants with the

22    Department of Fair Employment and Housing (DFEH) and served that complaint on defendant

23    HEXCEL. PLAINTIFF has exhausted all administrative remedies.

## FIRST CAUSE OF ACTION
### (Harassment and Discrimination in Violation of FEHA and Public Policy)

25    19.    Paragraphs 1 through 18 are incorporated herein by reference. PLAINTIFF

26    complains and alleges this cause of action against each, every, and all defendants.

27    20.    At all material times, defendants HEXCEL and DOES 1 through 12 were

28    employers in the State of California, as defined in the California Fair Employment and Housing

- 6 -

Complaint For Damages

1    Act (FEHA). Defendant STEPHENS and DOES 13 though 25 were, at all material times,

2    supervisors for and employees of defendant HEXCEL.

3        21.    Defendants, and each of them, discriminated against PLAINTIFF on the basis of

4    his disability and medical condition, and retaliated against PLAINTIFF on the basis of his

5    disability and serious medical condition, all in violation of the FEHA and public policy

6        22.    Defendants, and each of them, engaged in a pattern and practice of discriminating

7    against disabled employees and employees with serious medical conditions, including

8    PLAINTIFF, on the basis of the disability and serious medical condition in violation of FEHA

9    and public policy by engaging in a course of conduct that included subjecting PLAINTIFF to

10   ridicule, harassment, discrimination, humiliation, violence, threats of violence, intimidation, and

11   hostility because of PLAINTIFF's serious medical condition and disability. This behavior

12   continued until PLAINTIFF's employment ended.

13       23.    Defendants HEXCEL and DOES 1 through 12 actions of reassigning PLAINTIFF

14   to different work, adversely documenting PLAINTIFF's personnel file, disciplining PLAINTIFF,

15   willfully breaching its contract with PLAINTIFF, denying PLAINTIFF access to his workplace

16   and computer, refusing to pay PLAINTIFF's wages, and by denying PLAINTIFF the tools

17   enabling him to perform his duties at work constitute tangible adverse employment actions and

18   harassment and discrimination against PLAINTIFF. HEXCEL knowingly permitted

19   PLAINTIFF to be harassed, discriminated, threatened and retaliated against by other employees.

20       24.    Defendants 1 though 25 aided and abetted HEXCEL and STEPHENS in engaging

21   in unlawful conduct on the basis of disability and medical condition against disabled employees

22   and employees suffering a severe medical condition, including subjecting PLAINTIFF to

23   harassment and retaliation because of his medical condition and disability in violation of FEHA

24   and public policy. PLAINTIFF was forced, against his will, to continue working in a hostile

25   environment created by HEXCEL as a result of his serious medical condition and disability.

26       25.    PLAINTIFF filed a timely claim of harassment, discrimination, and retaliation

27   with the DFEH within one year of the last act of the ongoing continuous course of conduct of

28

Complaint For Damages

1   discrimination and harassment. The department issued a right-to-sue letter within one year of the

2   filing of this complaint. PLAINTIFF has exhausted his administrative remedies.

3       26.     PLAINTIFF suffered and continues to suffer damages proximately caused by

4   these defendants' wrongful acts as stated in the section below entitled "DAMAGES," which is

5   incorporated here to the extent pertinent as if set forth here in full.

6                              **SECOND CAUSE OF ACTION**

7       **(Retaliation in Violation of FEHA, Labor Code §§ 1102.5, 6310 and Public Policy)**

8       27.     Paragraphs 1 through 26 are incorporated herein by reference. PLAINTIFF

9   complains and alleges this cause of action against each, every, and all defendants.

10      28.     At all times herein mentioned, PLAINTIFF was an 18 year veteran employee

11  fully competent to perform the duties to which he was assigned. PLAINTIFF believed

12  defendants, and each of them were violating laws of the State of California. PLAINTIFF

13  reported these activities to HEXCEL and governmental agencies. PLAINTIFF was diagnosed

14  with a serious medical condition and placed on disability and requested disability leave and pay.

15      29.     Defendants discriminated, harassed and retaliated against PLAINTIFF on the

16  basis of his disability, medical condition, for filing and making of complaints and reports of an

17  unsafe workplace with defendant HEXCEL and governmental agencies, and causing HEXCEL

18  to be investigated for illegal activities. PLAINTIFF was retaliated against by all defendants for

19  engaging and participating in protected activities. In retaliation for PLAINTIFF's activities,

20  disability and serious medical condition, PLAINTIFF was denied future employment with

21  defendant HEXCEL, was denied a safe work environment, was refused pay and other

22  accommodations, was transferred to a different job, and suffered other adverse employment

23  actions all in violation of FEHA, Labor Code §§ 1102.5, 6310 and public policy.

24      30.     The retaliation, harassment and discrimination violated public policy, California

25  Statutes, common law and PLAINTIFF's constitutional rights under the California Constitution.

26      31.     The retaliation, discrimination, and harassment to which PLAINTIFF was

27  subjected was severe and pervasive, was an ongoing and continuous course of conduct, and

28  created a hostile work environment. Further, defendants, and each and all of them took tangible

    employment action against PLAINTIFF for his activities, disability and medical condition.

- 8 -
Complaint For Damages

32.    PLAINTIFF suffered and continues to suffer damages proximately caused by these defendants' wrongful acts as stated in the section below entitled "DAMAGES," which is incorporated here to the extent pertinent as if set forth here in full.

## THIRD CAUSE OF ACTION
### (Failure to Take all Reasonable Steps to Prevent Discrimination and Harassment in Violation of FEHA and Public Policy)

33.    Paragraphs 1 through 32 are incorporated herein by reference.  PLAINTIFF complains and alleges this cause of action against defendants HEXCEL and DOES 1 through 12.

34.    Defendants and each of them engaged in discrimination and harassment, including, among other things, the conduct set forth above with the intent of harassing and discriminating against PLAINTIFF.  Defendants created and subjected PLAINTIFF to a hostile and unsafe work environment by their actions, and by ratification and authorization of the harassing, discriminatory, and retaliatory conditions.

35.    Defendants and each of them, engaged in the harassing, discriminating, and retaliatory conduct with the intent to cause severe emotional distress.  Defendant HEXCEL and its employee supervisors and or agents knew or should have known of these actions.  HEXCEL had an obligation under law, its policy and or practice to take immediate and appropriate corrective action to stop harassment, hostile work environment, discrimination, and retaliation but failed to do so.

36.    The actions above caused the PLAINTIFF to suffer adverse employment actions in his employment.  Defendant had knowledge or should have had knowledge of the intolerable conditions, and failed to take steps to end the unlawful activities.  PLAINTIFF suffered damages proximately caused by these acts as stated in the section below entitled "DAMAGES," which is incorporated here to the extent pertinent as if set forth here in full.

## FOURTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress)

37.    Paragraphs 1 through 36 are incorporated herein by reference.  PLAINTIFF complains and alleges this cause of action against each, every, and all defendants.

38.    Defendants conduct set forth in this complaint was extreme and outrageous and an abuse of authority and position of defendants and each of them.  Defendants' conduct was

- 9 -

1    intended to cause severe emotional distress, or was done in conscious disregard of the probability

2    of causing such distress. Defendants' conduct exceeded the inherent risks of employment and

3    was not the sort of conduct normally expected to occur in the workplace.

4        39.    Defendants each engaged in conduct intended to humiliate PLAINTIFF.

5    Defendant HEXCEL condoned, authorized, and ratified the activities of STEPHENS and its

6    other agents and supervisors and injured PLAINTIFF by its ratification of those activities.

7    HEXEL intended to cause or acted in conscious disregard of PLAINTIFF's safety.

8        40.    Defendants' conduct did in fact cause PLAINTIFF to suffer extreme emotional

9    distress. As a proximate cause of defendants' actions, PLAINTIFF suffered embarrassment,

10    anxiety, humiliation, and emotional distress, and will continue to suffer emotional distress in the

11    future in an amount according to proof at trial. PLAINTIFF suffered damages proximately

12    caused by these defendants' intentional infliction of emotional distress as stated in the section

13    below entitled "DAMAGES," incorporated here to the extent pertinent as if set forth herein.

14    **FIFTH CAUSE OF ACTION**

15    (Negligent Infliction of Emotional Distress)

16        41.    Paragraphs 1 through 40 are incorporated herein by reference. PLAINTIFF

17    complains and alleges this cause of action against each, every, and all defendants.

18        42.    In harassing, discriminating, assaulting, battering, failing to conduct an adequate

19    investigation, and retaliating as described above against PLAINTIFF, Defendants, and each of

20    them, breached a duty to PLAINTIFF and abused their position of authority toward PLAINTIFF.

21    The conduct of Defendants, and each of them, exceeded the inherent risks of employment and

22    was not the sort of conduct normally associated with employment. Defendant HEXCEL

23    breached their duty by ratifying and authorizing defendant STEPHENS's abusive, harassing, and

24    discriminatory conduct toward PLAINTIFF and authorized and ratified the acts of its agents and

25    supervisors to retaliate against PLAINTIFF.

26        43.    PLAINTIFF suffered damages legally caused by these Defendants' negligent

27    infliction of emotional distress as stated in the section below entitled "DAMAGES," which is

28    incorporated here to the extent pertinent as if set forth here in full.

///

## SIXTH CAUSE OF ACTION
### (Intentional Misrepresentation)

44.    Paragraphs 1 through 43 are incorporated herein by reference.  PLAINTIFF complains and alleges this cause of action against defendant HEXCEL and DOES 1 through 12.

45.    HEXCEL promised PLAINTIFF a safe work environment free from violence, to conduct fair, impartial and prompt investigations into employee complaints, to not unlawfully retaliate against employees, to not unlawfully discriminate and harass employees, and to pay employees their proper wages as agreed upon.

46.    HEXCEL made the promises knowing it did not have the intent to fully act on them in regard to PLAINTIFF and without the expectations that it would carry out those promises in regard to PLAINTIFF.

47.    PLAINTIFF believed HEXCEL.  PLAINTIFF believed HEXCEL, as PLAINTIFF's employer, had the authority and responsibility in HEXCEL's capacity, to carry forward and follow through with its promises.  PLAINTIFF relied on these representations. PLAINTIFF believes these promises were made with the intent to misrepresent him.

48.    PLAINTIFF suffered damages proximately caused by the intentional misrepresentation as stated in the section below entitled "DAMAGES," which is incorporated here to the extent pertinent as if set forth here in full.

## SEVENTH CAUSE OF ACTION
### (Breach of Contract)

49.    Paragraphs 1 through 48 are incorporated herein by reference.  PLAINTIFF complains and alleges this cause of action against defendants HEXCEL and DOES 1 through 12.

50.    PLAINTIFF and HEXCEL and DOES 1 through 12 entered into an employment contract during the term of PLAINTIFF's employment.  The contract was oral, written and implied-in-fact.  The basic terms of the agreement were that that any complaint of harassment, discrimination and retaliation would be investigated and resolved promptly and fairly, that HEXCEL would provide PLAINTIFF with a safe workplace, that PLAINTIFF would not be retaliated against for participation in or initiating a complaint with a governmental agency, and that PLAINTIFF would earn agreed-upon wages and fringe benefits.

- 11 -

51.     PLAINTIFF undertook and continued employment and duly performed all of the conditions of the employment agreement to be performed by him until prevented by defendants from further performance.  PLAINTIFF had, at all times, been ready, willing and able to perform all of the conditions of the agreement to be performed by him.

52.     HEXCEL and DOES 1 through 12 breached the oral, written and implied-in-fact employment agreement by failing to perform its duties outlined above.

53.     PLAINTIFF suffered damages proximately caused by the breach of contract as stated in the section below entitled "DAMAGES," which is incorporated here to the extent pertinent as if set forth here in full.

## EIGHTH CAUSE OF ACTION
### (Breach of the Covenant of Good Faith and Fair Dealing)

54.     Paragraphs 1 through 53 are incorporated herein by reference.  PLAINTIFF complains and alleges this cause of action against defendants HEXCEL and DOES 1 through 12.

55.     Defendants had the legal duty to act fairly and in good faith towards PLAINTIFF in connection with the employment agreement.  Defendants covenanted to give full cooperation to PLAINTIFF in his performance under the employment agreement, to treat PLAINTIFF fairly and in good faith, to treat PLAINTIFF the same way as other similarly situated employees, and to refrain from any act which would impede any of the conditions of the employment agreement from being performed, which would deny the employment agreement, or which would prevent PLAINTIFF from receiving the benefits of the employment agreement.

56.     From about January 2006, defendants HEXCEL and DOES 1 through 12 breached these duties imposed by law in connection with the employment agreement by failing to perform the obligations and duties as agreed upon.

57.     PLAINTIFF suffered damages legally caused by these defendants' breach of the covenant of good faith and fair dealing as stated in the section below entitled "DAMAGES," which is incorporated here to the extent pertinent as if set forth herein full.

///

///

///

- 12 -

### NINTH CAUSE OF ACTION
#### (Negligence)

58.    Paragraphs 1 through 57 are incorporated herein by reference. PLAINTIFF complains and alleges this cause of action against defendants HEXCEL and DOES 1 through 12.

59.    Defendants owed a duty to PLAINTIFF to provide PLAINTIFF with a safe workplace environment free from harassment, to prevent discrimination, harassment, and retaliation, to take action to prevent harm from occurring, to not hire or retain employees likely to commit violence in the workplace or who pose an unreasonable risk of danger to the safety of others, to fairly and promptly investigate all claims of harassment and violence in the workplace, and to permit employees to participate in or initiate complaints in the workplace free from unlawful retaliation. HEXCEL further owes PLAINTIFF a duty not to knowingly place PLAINTIFF in a position of harm. HEXEL breached each of its duties above mentioned.

60.    PLAINTIFF suffered damages legally and proximately caused by HEXCEL's negligence as stated in the section below entitled "DAMAGES," which is incorporated here to the extent pertinent as if set forth here in full.

### TENTH CAUSE OF ACTION
#### (Assault and Battery)

66.    Paragraphs 1 through 65 are incorporated herein by reference. PLAINTIFF complains and alleges this cause of action against each, every, and all defendants.

67.    In January and February 2006 STEPHENS, while acting during the course and scope of his employment, did, without consent permission or other legal justification, intentionally, offensively, and violently grab PLAINTIFF by the hair and by the ear with the intent to commit harm.

68.    STEPHENS did commit injury to PLAINTIFF. HEXCEL knew or should have known STEPHENS had committed violent acts towards PLAINTIFF and towards other employees in the past. HEXCEL by its actions ratified, authorized, and approved STEPHENS physically attacking PLAINTIFF. HEXCEL is vicariously liable for STEPHENS acts.

- 13 -

1     69.    PLAINTIFF suffered damages legally and proximately caused by these

2    defendants' acts as stated in the section below entitled "DAMAGES," incorporated here to the

3    extent pertinent as if set forth here in full.

### ELEVENTH CAUSE OF ACTION
#### (Defamation)

70.    Paragraphs 1 through 69 are incorporated herein by reference.  PLAINTIFF complains and alleges this cause of action against HEXCEL and DOES 1 through 12.

71.    PLAINTIFF was assaulted by STEPHENS in January and February 2006.  The assault was the fault of STEPHENS, STEPHENS admitted this to an officer of law, and the assault was committed against PLAINTIFF without legal justification.  The assault and attack against PLAINTIFF were in violation of company policy, procedure, and in violation of the laws of the State of California.  HEXCEL knew and understood this.  PLAINTIFF did not violate any company policy with regard to the assault.

72.    Despite the truth, and despite HEXCEL's knowledge, constructive or otherwise of the truth, HEXCEL made and published false statements by way of a memo to PLAINTIFF and others defaming PLAINTIFF in his professional capacity and personal capacity.  HEXCEL knowingly, willfully and intentionally drafted and published this memo with false statements about PLAINTIFF to third parties, including the placing of a copy of the memo into PLAINTIFF's personnel file.  This memo and the statements made therein caused PLAINTIFF harm to his reputation and person.  PLAINTIFF is informed and believes that HEXCEL made false statements about PLAINTIFF to third parties outside of the memo and during and after its negligently conducted investigation into the incident giving rise to this litigation.

73.    HEXCEL committed defamation by knowingly publishing false information about PLAINTIFF, not opinion, with the intent to commit harm to PLAINTIFF.

74.    PLAINTIFF suffered damages legally caused by these defendants' defamatory statements as stated in the section below entitled "DAMAGES," which is incorporated here to the extent pertinent as if set forth here in full.

/ / /

/ / /

- 14 -

## TWELFTH CAUSE OF ACTION
(Business and Professions Code §17200)

75.    Paragraphs 1 through 74 are incorporated herein by reference.  PLAINTIFF complains and alleges this cause of action against defendant HEXCEL and DOES 1 through 12.

76.    Section 17200 of the California Business and Professions Code prohibits any unlawful, unfair or fraudulent business act or practice.

77.    Defendants have engaged in, during the time PLAINTIFF was employed there, the following unlawful, unfair and fraudulent business practices in violation of Section 17200 of the California Business and Professions Code by:

a.  defendants' kept PLAINTIFF from seeking other employment and kept PLAINTIFF from leaving defendants' employ by the making of false promises;

b.  retaliating against PLAINTIFF for reporting that HEXCEL and its employees were violating State of California laws and regulations;

c.  retaliating against PLAINTIFF based on PLAINTIFF's medical condition and disability;

d.  refusing to pay PLAINTIFF money and wages that HEXCEL was bound to pay PLAINTIFF;

e.  coercing PLAINTIFF to maintain his employment despite defendants' unlawful actions;

f.  failing to pay PLAINTIFF wages in accordance with law; and,

g.  forcing people to work in unsafe work conditions and under the threat of continued workplace harassment and violence.

78.    These challenged policies and practices have harmed the PLAINTIFF, and the general public.

79.    PLAINTIFF suffered and continues to suffer damages proximately caused by these defendants' wrongful acts as stated in the section below entitled "DAMAGES," which is incorporated here to the extent pertinent as if set forth here in full.  PLAINTIFF is entitled to an award of reasonable attorneys' fees pursuant to CCP Section 1021.5.

/ / /

## THIRTEENTH CAUSE OF ACTION
### (Conversion)

80.    Paragraphs 1 through 79 are incorporated herein by reference.  PLAINTIFF complains and alleges this cause of action against HEXCEL and DOES 1 through 12.

81.    Pursuant to the employment agreement and or statue, PLAINTIFF is entitled to be paid, and at the proper rate of pay according to contract or statue, for all work performed.

82.    Defendants, and each of them, refused to pay PLAINTIFF's lawfully earned wages or contract value.  At the time wages or consideration are due they became the property of PLAINTIFF's.  As such, PLAINTIFF has a right to possess his wages when the employer is obligated to pay them to PLAINTIFF.

83.    Defendants willfully and intentionally prevented PLAINTIFF from having access to his wages for a significant period of time.  PLAINTIFF did not consent to defendants' withholding of wages and PLAINTIFF suffered harm as a result of defendant depriving PLAINTIFF access to his wages.  Defendants' actions alone were the cause of or a substantial factor in causing PLAINTIFF's harm suffered as a result of intentionally withholding wages.

84.    Defendants and each of them acted with malice, fraud, oppression, and or conscious disregard to the statutory rights of plaintiff.  Such wrongful and intentional acts justify an award of punitive damages.

85.    PLAINTIFF suffered damages legally caused by these defendants' conversion as stated in the section below entitled "DAMAGES," which is incorporated here to the extent pertinent as if set forth here in full.

## DAMAGES

86.    As a legal result of the conduct by defendants of which PLAINTIFF complains, PLAINTIFF suffered and continues to suffer substantial losses in earnings and other employee benefits.  PLAINTIFF will seek leave to amend this complaint to state the amount or will proceed according to proof at trial.

87.    PLAINTIFF suffered emotional distress as a legal result of the conduct by defendants of which PLAINTIFF complains.  PLAINTIFF suffered mental distress, suffering and anguish as a legal result of defendants' outrageous conduct, reacting to the retaliation and

- 16 -
Complaint For Damages

1   defendants' other misconduct with humiliation, embarrassment, anger, disappointment and
2   worry, all of which is substantial and enduring. PLAINTIFF will seek leave to amend this
3   complaint to state the amount or will proceed according to proof at trial.

4       88.     At all material times, defendants, and each of them, were in a position of power
5   over PLAINTIFF, with the potential to abuse that power. PLAINTIFF was in a vulnerable
6   position because of his relative lack of power, because he was emotionally vulnerable as a result
7   of being harassed and abused, because of his reliance on defendants' assurances, because he had
8   placed her trust in defendants, because he depended on his employment for self esteem and sense
9   of belonging, and because of the great disparity in bargaining power between PLAINTIFF and
10  his employer. Defendants were aware of PLAINTIFF's vulnerability and the reasons for it.

11      89.     Defendant HEXCEL had advanced knowledge of STEPHENS's unfitness and
12  employed him with the conscious disregard for the PLAINTIFF's safety and the safety of others.

13      90.     Notwithstanding such knowledge, defendants, and each of them, acted
14  oppressively, fraudulently, and maliciously, in willful and conscious disregard of PLAINTIFF's
15  rights, and with the intention of causing or in reckless disregard of the probability of causing
16  injury and emotional distress to the PLAINTIFF.

17      91.     Further, defendants were informed of the oppressive, fraudulent and malicious
18  conduct of their employees, agents and subordinates, and ratified, approved, and authorized that
19  conduct.

20      92.     The foregoing conduct of defendants, and each of them, was intentional, willful
21  and malicious and PLAINTIFF is entitled to punitive damages in an amount to conform to proof.

## PRAYER

22
23  Wherefore PLAINTIFF prays for judgment against defendants, and each of them, as follows:

24      1.  For a money judgment representing compensatory damages including lost wages,
25  earnings, retirement benefits and other employee benefits, and all other sums of money, together
26  with interest on these amounts, according to proof;

27      2.  For a money judgment for mental pain and anguish and emotional distress, according
28  to proof;

3. For an award of punitive damages, according to proof;

4. For costs of suit and attorney fees pursuant to California Code of Civil Procedure §1021.5, California Government Code §12965(b), and any other appropriate authority;

5. For prejudgment and post-judgment interest;

6. For any other relief that is just and proper; and

## JURY TRIAL DEMAND

PLAINTIFF demands trial by jury for each fact and all causes of action.

DATED: This 17TH day of December 2007

SCHAUMAN & HUBINS

By: JEFFERY M. HUBINS
Attorneys for Plaintiff,
BILL FUCHS

Complaint For Damages

# EXHIBIT   2

1  David Goldman, Bar No. 76551
   Jeanine DeBacker, Bar No. 178054
2  **WENDEL, ROSEN, BLACK & DEAN LLP**
   1111 Broadway, 24th Floor
3  Oakland, California  94607-4036
   Telephone: (510) 834-6600
4  Fax: (510) 834-1928
   Email: dgoldman@wendel.com
5
   Attorneys for Defendant
6  HEXCEL CORPORATION

E-filing

ORIGINAL
F I L E D

JAN 1 5 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

7

8                          UNITED STATES DISTRICT COURT

9                        NORTHERN DISTRICT OF CALIFORNIA

10

11  WILLIAM FUCHS, an individual,

12                Plaintiff,

13        vs.

14  HEXCEL CORPORATION, a corporation
    doing business in California, JEFFREY
15  GERARD STEPHENS, an individual, and
    DOES 1 through 25, inclusive,
16
                  Defendants.
17

18

(Removed from Alameda County Superior
Court, Case No. VG07361624)

**C08-00254**  CRB

Case No.

**NOTICE OF REMOVAL OF ACTION;
UNDER 28 U.S.C. SEC. 1441(B)
(FEDERAL QUESTION)**

19        TO THE CLERK OF THE ABOVE-ENTITLED COURT:

20        PLEASE TAKE NOTICE THAT defendant HEXCEL CORPORATION hereby removes

21  to this Court the state court action described below.

22        1.    On December 17, 2007, an action was commenced in the Superior Court of the

23  State of California in and for the County of Alameda, entitled WILLIAM FUCHS, an individual,

24  Plaintiff, vs. HEXCEL CORPORATION, a corporation doing business in California, JEFFREY

25  GERARD STEPHENS, an individual, and DOES 1 through 25, inclusive, Defendants, as case

26  number VG07361624.

27        2.    The first date upon which defendant HEXCEL CORPORATION received a copy

28  of the complaint was on about December 26, 2007, when defendant's counsel received a copy

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA. 94607-4036

1    with a Notice and Acknowledgement of receipt pursuant to California Code of Civil Procedure

2    §415.30.

3        **3.**    Pursuant to 28 U.S.C. §1446(a), a copy of all process, pleadings, and orders in the

4    state court action are attached hereto as **Exhibit 1**.

5        **4.**    This action is a civil action of which this Court has original jurisdiction under 28

6    U.S.C. §1331, and is one which may be removed to this Court by defendant pursuant to the

7    provisions of 28 U.S.C. §1441(b) in that it arises under the Employee Retirement and Income

8    Security Act of 1974 (ERISA) 29 U.S.C. §1001, *et seq.*   It appears from the face of Plaintiff's

9    complaint that this is a civil action that arises under 29 U.S.C. §1001, *et seq.*   Plaintiff alleges that

10   he was entitled to a stay-on bonus, severance and other incentives (Paragraph 13) and his prayer

11   seeks a money judgment for employee benefits allegedly due him from the stay-on bonus,

12   severance and other incentives (Paragraph 86 and Prayer, Paragraph 1), all of which were offered

13   to him pursuant to a welfare benefit plan governed by ERISA.

14       **5.**    No other defendants have been served with the Summons and complaint.

15       **6.**    Pursuant to Local Rule 3-2(c)-(d) and Local Rule 3-5(b), this paragraph is intended

16   to identify the proper court location for this action.  Plaintiff filed complaint in Alameda County

17   Superior Court.  The appropriate District Court location is either San Francisco or Oakland.

18       **7.**    Defendant reserves the right to supplement this Notice of Removal and/or to

19   present additional arguments in support of their entitlement to removal, if necessary.

20       **8.**    No admission of fact, law or liability is intended by this Notice of Removal, and

21   all defenses, affirmative defenses, and motions are hereby reserved.

22   Dated: January 15, 2008                 WENDEL, ROSEN, BLACK & DEAN LLP

23

24                           By:

25                           David Goldman

                        Attorneys for Defendant

26                           HEXCEL CORPORATION

27

28

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA 94607-4036

*NOTICE OF REMOVAL OF ACTION; UNDER 28 U.S.C.*
*SEC. 1441(b) (FEDERAL QUESTION)*        - 2 -

# EXHIBIT    3



## Employee Information Summary

**Name: William Fuchs**                                    **Date: February 9, 2007**
**Employee No.: 1636**
**Last Day Worked: February 9, 2007**
**Termination Effective Date: February 9, 2007**

The following provides important information regarding your pay, benefits, and answers to common questions as a result of your separation from the company.

## Wages & Benefits

| | | | |
|---|---|---|---|
| X | Wages (thru February 9, 2007) | Hours: | 80.0 |
| X | Vacation  (accrued/unused thru February 9, 2007) | Hours: | 9.9 |
| X | Personal Holiday (accrued/unused thru February 9, 2007) | Hours: | 0.0 |
| X | Severance | Hours: | 880.0 |
| X | Stay-on Bonus | Hours: | 240.0 |
| X | 25% Sick Pay (Plant Closing/Shutdown Agreement) | Hours: | 0.5 |

## Insurance Plans (Include if applicable)

**Short-term disability** (Effective through the last day worked)

**Long Term Disability** (Effective through the last day worked)
You may apply for LTD insurance by sending a conversion application, application fee and premium to Reliance Standard Life within **31 days** of coverage end date.

**Medical, Dental, Vision** (Continues company paid through end of month in which employment ends)
If eligible, you may continue coverage under the provisions of COBRA (Consolidated Omnibus Budget Reconciliation Act).  If you elect to continue medical, dental or vision under COBRA, the Employee Assistance Program (EAP) will continue to be available. COBRA coverage information and related costs will be mailed to your home from Conexis.

If you receive a Social Security Disability award letter prior to electing COBRA, send a copy of the award letter with your COBRA election form to Conexis.  If you receive a Social Security Disability award letter within the first 60 days of COBRA continuation, send a copy of the letter to Conexis within 60 days of receipt.  A Social Security Disability Award can extend the maximum continuation period under COBRA.

**Retiree Medical**
If eligible, you may continue medical coverage under the company's retiree medical program, instead of under COBRA.

# EXHIBIT   4

**CONFIDENTIAL**

## EMPLOYMENT SEPARATION AND RELEASE AGREEMENT

This Agreement (the "Agreement") is made between Hexcel Corporation, a Delaware corporation ("Hexcel" or the "Company"), and **William Fuchs** ("Employee").

Background and Purposes. Hexcel is a Delaware corporation with manufacturing and sales facilities located throughout the world. Employee's employment with Hexcel has been terminated and the parties desire to fully and finally resolve all issues between them.

THEREFORE, THE PARTIES AGREE AS FOLLOWS:

1.   Separation Date. Employee's separation from employment will become effective **February 9, 2007** (the "Separation Date").

2.   Consideration.

As consideration for the promises, waivers and releases in this Agreement, the Company shall provide Employee with the following benefits to which Employee would not otherwise be entitled beginning after the Effective Date (as defined in paragraph 6). Employee understands that no consideration shall be paid prior to the Effective Date.

A.   Severance. On or after the Effective Date Employee shall receive severance pay equal to **twenty-two (22) weeks, eight hundred eighty (880) hours** ("Severance Period") of Employee's regular salary less required deductions and withholdings, payable in bi-weekly installments on the Company's normal pay dates.

B.   Stay-On Bonus. Hexcel shall pay Employee a bonus equal to **six (6) weeks, two hundred forty (240) hours** base pay/regular salary, paid in a lump-sum, less required deductions and withholdings. Such amount will be paid following the Effective Date.

C.   Health Insurance Continuation. Employee's coverage under the Company's group health benefit plan shall cease as of the last day of the month in which the Separation Date in Paragraph 1 occurs, at which time Employee may be eligible to continue such coverage as permitted under the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA"). If Employee elects COBRA continuation coverage the Company will make the same contribution towards the Employee's COBRA health premiums as it makes for comparable coverage for active employees through **August 31, 2007** provided Employee pays their portion of COBRA premiums in a timely manner.  All premiums during the remainder of the COBRA period shall be Employee's responsibility.

D.   Life Insurance Continuation.  Employee's coverage under the Company's group life and group AD & D benefit plan shall cease as of the last day of the month in which the Separation Date in Paragraph 1 occurs.  As part of this agreement the company will continue to pay the premiums for basic life and basic AD & D through **August 31, 2007**.

E.   Outplacement. Hexcel will provide Employee with outplacement assistance pursuant to a contract between Hexcel and Career Partners International.

3.    Other Benefits. Other benefits shall be provided according to the Employee Information Summary. All other benefits not contained herein or in the Employee Information Summary shall cease as of the Separation Date.

4.    Release and Waiver. In consideration of the salary and benefit continuation, and other benefits contained herein, Employee hereby releases, waives, and forever discharges Hexcel and each of its affiliates, officers, directors, shareholders, employees, agents, professionals and other representatives from all claims, demands, obligations, damages and liabilities of every kind and nature and from all actions and causes of action which Employee may now have or may have or maintain hereafter against any of them whether in law or in equity, known or unknown, arising in any way out of Employee's employment or cessation of employment with Hexcel.

A.    Included Statutes.  This Release and Waiver includes, but is not limited to, any and all claims, including claims arising under the Civil Rights Act of 1964, the Employee Retirement Income Security Act of 1974, the Americans With Disabilities Act, the Age Discrimination in Employment Act, the Older Workers Benefit Protection Act, the California Family Rights Act of 1993, the California Fair Employment and Housing Act and all other relevant local, state, and federal statues.

B.    Included Claims. This Agreement also includes, but is not limited to, all claims for past due or future wages, severance pay, bonuses, vacation pay, medical insurance, life or disability insurance, and other benefits (except vested retirement benefits) and all claims for violation of any express or implied agreement, written or verbal, that occurred before the execution of this Agreement, or for any violation of any common law duty or statute.

C.    Excluded Claims. Employee does not waive rights or claims that may arise after the Effective Date.

5.    Express Waiver of Section 1542. Section 1542 of the California Civil Code provides:

"A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the Debtor."

Employee in executing this Agreement, intends that this Agreement shall extinguish each and every claim, demand and cause of action hereinabove specified, including claims, demands and causes of action Employee does not know or suspect to exist in Employee's favor at the time of execution hereof; in furtherance of this intention Employee hereby expressly waives any and all rights and benefits conferred by the provisions of Section 1542 and expressly consents that this Agreement shall be given full force and effect according to each and all of its express terms and provisions, including those extending to, involving, releasing or discharging, unknown and unsuspected claims, demands or causes of action, if any.

6.    Full Review and Knowing and Voluntary Agreement.

A.    Employee agrees that Employee has been given the opportunity to fully review this Agreement, has thoroughly reviewed it, fully understands its terms, and knowingly and voluntarily agrees to all its provisions, including but not limited to all the Release and Waiver and other provisions contained in Paragraph 4 and Paragraph 5. Employee acknowledges that the Company provided Employee with up to forty-five (45) days to consider this Agreement, and that the Company advised Employee to consult with an

attorney before executing it. Employee warrants that Employee has either consulted with an attorney regarding this Agreement or has intentionally chosen not to exercise the right to consult with an attorney. Finally, Employee acknowledges that if this Agreement was executed before expiration of the forty-five (45) day deliberation period, such execution was voluntary and without coercion by the Company.

B.    Employee has seven (7) days after signing this Agreement to revoke the Agreement, and the Agreement will not be effective until that revocation period has expired ("Effective Date"). Notice of revocation shall be in a signed document delivered to Mark Prochaska of Hexcel's Human Resources Department before expiration of the revocation period.

7.    Nondisclosure. Employee acknowledges and agrees that as a material condition of this Agreement and of the consideration contained herein, not to disclose either the existence of this Agreement or the terms or conditions of this Agreement to any third person or entity. However, nothing in this paragraph shall be construed to prohibit Employee from disclosing the terms and conditions of this Agreement to Employee's spouse, attorneys and accountants or as may be lawfully required or ordered by any state or federal administrative agency, tribunal or court of law.

8.    Nondisparagement. Employee agrees not to make or publish in oral, written or any other form, any disparaging remarks or negative comments to any third parties including, but not limited to, the Company's competitors or customers, the press or other media, nor shall Employee knowingly encourage or assist any third party to make such disparaging remarks or negative comments regarding, concerning or alluding to in any manner, the Company, its affiliates and/or subsidiaries, past, present and future and/or its past, present and future owners, officers, directors, agents and/or employees.

9.    Confidential Information. Employee acknowledges that in the course of employment with the Company, Employee acquired confidential information. Employee understands that this information has been disclosed in confidence and only for use by the Company. As a material condition of this Agreement, Employee agrees to keep such information confidential at all times during and after employment with the Company and will not use this information for Employee's own purposes or disclose or communicate this information to any third party.

10.    Nonretention of Material. Employee agrees, that as a material condition of the payment of any benefit provided by the Company pursuant to the terms of this Agreement, Employee will surrender to the Company on or before the Separation Date all information, files, memoranda, customer lists, forms and other records or materials whether in printed form or stored on computer drives or disks relating to the Company and its business, whether acquired prior to or subsequent to the date of this Agreement, being agreed that all items are, and are to remain, the exclusive property of the Company. Employee agrees not to retain any copies, duplicates or facsimiles of such material. Employee also agrees to return Company keys, credit cards, office

furniture, office equipment including but not limited to all computers, laptops, fax machines, printers, cell phones and any other office equipment.

11.    Nonadmission of Liability. This Agreement shall not be in any way construed as an admission by the Company that it has acted wrongfully with respect to Employee or any other person.

12.    Re-Employment. Employee hereby waives any right or claims of recall or re-employment with Hexcel, or with any corporation or organization affiliates with or successor to Hexcel, and

agrees to make no claims or application for such employment in the future. If Employee does seek such employment, Hexcel, or any corporation or organization affiliated with or successor to Hexcel, is in no way obligated to consider Employee for employment.

13.    Separability. The invalidity of any paragraph or subparagraph hereof shall not affect the validity of any other paragraph or subparagraph hereof.

14.    Binding Effect. This Agreement shall be binding on and inure to the benefit of Employee, Employee's spouse, heirs, administrators and assigns. Employee intends that this Agreement and its releases apply not only to the Company, but to all its divisions and affiliated entities, and to the predecessors, successors, assigns, agents, officers, directors, shareholders, employees and other representatives of each.

15.    Applicable Law. This Agreement shall be construed and enforced according to the laws of the State of California without reference to such state's conflict of law rules.

16.    Entire Agreement. Except for the attached Agreement dated **July 18, 1988**, which is specifically incorporated by reference into this Agreement and which shall remain in full force and effect, this Agreement contains the entire understanding of the parties with respect to the subject matter set forth in this Agreement and supersedes all previous written and verbal Agreements.

        IN WITNESS WHEREOF, the parties hereto have executed this Agreement on the day and year first above written.


EMPLOYEE


_____          _____
William Fuchs                     Signature / Date


HEXCEL CORPORATION

_____          _____
By:                               Signature / Date
Title:

# EXHIBIT    5

# SCHAUMAN & HUBINS

### ATTORNEYS AT LAW

5700 Stoneridge Mall Road, Suite 130
Pleasanton, California 94588
Telephone (925) 846-5400 Fax (925) 846-5402
www.schauman-hubins.com

January 19, 2008

<u>*U.S. Mail and Fax*</u>

David Goldman
WENDEL, ROSEN, BLACK & DEAN
1111 Broadway 24th Floor
Oakland, California 94607

RE:     *Fuch vs. Hexcel, et al.*; Motion for Remand Meet and Confer

Dear Mr. Goldman:

I have received your notice of removal and think you have removed in error. I intend to file a motion to remand to state court seeking attorney fees and actual costs pursuant to 28 U.S.C §1447(c), unless of course, you stipulate to remand by January 22, 2008. This meet and confer is not required by local rules, but is an attempt to avoid spending unnecessary time and money on a motion.

As you know, Plaintiff filed a complaint in state court for discrimination and retaliation under FEHA and California Labor Code §1102.5, breach of contract, defamation, negligence, and other related causes of action in regard to being assaulted by your client. We seek general damages and those lost as a result of the discriminatory treatment, including lost severance pay (stay-on bonus), other wages such as failure to pay vacation and sick leave based on illegal discrimination and in violation of Labor Code §206.5.

Nothing in the complaint alleges retaliation for plaintiff's participation in a protected ERISA activity (Hashimoto v. Bank of Hawaii, (9th Cir. 1993) 999 F.2d 408), nor does the complaint allege an adverse action was taken against plaintiff with the intent or motivation to deprive plaintiff of an ERISA benefit (Ingersoll-Rand Co. v. McClendon, 498 U.S. 133 (1990); Felton v. Unisource Corp., (9th Cir. 1991) 940 f.2d 503). Consequently, federal jurisdiction and removal is improper.

In fact, this complaint is a garden-variety complaint for discrimination and retaliation and breach of contract, that simply seeks incidental damages naturally flowing from liability thereof. We did not plead the intent behind Hexcel's discrimination or retaliation was motivated to defeat pension or other benefits (Ethridge v. Harbor House Restaurant, (9th Cir. 1988) 861 F.2d 1389).

As such, if we cannot obtain your stipulation to remand to state court, we will file our motion to remand seeking our costs and attorney fees. We have taken this extraordinary measure of meeting and conferring with you in order to avoid spending many, many hours filing a motion to defeat an improper removal.

David Goldman
Meet and Confer; Removal
1/19/2008
Page 2 of 2


      Should you have any questions, call me.  If I don't hear from you by Tuesday, I will proceed with our motion to remand on the assumption that you disagree with our point of view.


                     Very truly yours,

                     SCHAUMAN & HUBINS

                     Jeffery M. Hubins

P. 1

* * * Transmission Result Report(MemoryTX) ( Jan.19. 2008  1:43PM ) * * *

1) SCHAUMAN & HUBINS   925 846-5402
2)

Date/Time: Jan.19. 2008  1:42PM

| File No. Mode | Destination | Pg(s) | Result | Page Not Sent |
|---------------|-------------|-------|--------|---------------|
| 9114 Memory TX | 15108341928 | P. 3 | OK | |

--------------------------------------------------------------------------------

Reason for error
E.1) Hang up or line fail          E.2) Busy
E.3) No answer                     E.4) No facsimile connection

**SCHAUMAN & HUBINS**
ATTORNEYS AT LAW

5700 Stoneridge Mall Road, Suite 130
Pleasanton, California 94588
Telephone (925) 846-5400 Fax (925) 846-5402
www.schauman-hubins.com

**FACSIMILE TRANSMITTAL COVER SHEET**

| To: | David Goldman (510) 834-1928 |
|-----|------------------------------|
| From: | Jeffery M. Hubins |
| Date: | 1/19/2008 |
| Re: | Meet and Confer re Motion to Remand to State Court |

The following documents are being transmitted to you by fax machine.

This fax consists of ___Three___ pages, including this cover sheet. Should any of the following documents appear illegible, please immediately call the office number provided above.

The documents accompanying this fax contain confidential information and are intended only for the above listed recipient. People receiving this fax who are not the named recipient should refrain from reading, discussing, or disclosing the contents of this fax with anyone but the sender. If you have received this transmission in error, please call the number above.

# EXHIBIT     6

## Jeff Hubins

**From:** Jeff Hubins
**Sent:** Tuesday, January 22, 2008 9:15 AM
**To:** 'David Goldman'
**Subject:** Fuch Remand Motion; Meet and Confer

Dear Mr. Goldman:

After researching the issue of Hexcel's removal further, I have concluded that it is without merit whatever. This meet and confer is made in good faith to convince Hexcel to stipulate to remand to state court where the original complaint was filed.

Provided below is additional authority for your review. In each case, decided in the 9th Circuit, the employee was offered a stay-on bonus and severance pay if the employee worked for a period of time. The employer refused to pay the severance and stay-on bonus as promised and was sued the employee for breach of contract. The case was removed by the defendant and remanded by the 9th Circuit holding that a one time payout did not constitute a *plan* as defined by ERISA, hence no preemption. *Delaye v. Agripac, 39 F.3d 235; Velarde v. PACE Membership 105 F.3d 1313* (1997).

The Supreme Court case holding the same is *Fort Halifax Packing Co. v. Coyne 482 US 1.*

I send you this information to avoid filing the remand motion. I will write the motion this afternoon and file it this week if I do not hear form you today by around noon. I will be out of the office most of this week on other business, so don't attempt to call me about this after today.

As I suggested, your client should be required to pay for my time if they refuse to stipulate to the remand by this afternoon.

Jeffery M. Hubins
SCHAUMAN & HUBINS
5700 Stoneridge Mall Road, Suite 130
Pleasanton, California 94588
Phone (925) 846-5400
Fax (925) 846-5402

1/22/2008

# SCHAUMAN & HUBINS

### ATTORNEYS AT LAW

5700 Stoneridge Mall Road, Suite 130
Pleasanton, California 94588
Telephone (925) 846-5400 Fax (925) 846-5402
www.schauman-hubins.com

## FACSIMILE TRANSMITTAL COVER SHEET

**To:**     David Goldman (510) 834-1928

**From:**   Jeffery M. Hubins

**Date:**   1/22/2008

**Re:**     Motion to Remand to State Court:  Meet and Confer II

The following documents are being transmitted to you by fax machine.

This fax consists of ___Two___ pages, including this cover sheet.  Should any of the following documents appear illegible, please immediately call the office number provided above.

The original was sent by email to dgoldman@wendel.com

The documents accompanying this fax contain confidential information and are intended only for the above listed recipient. People receiving this fax who are not the named recipient should refrain from reading, discussing, or disclosing the contents of this fax with anyone but the sender.  If you have received this transmission in error, please call the number above.

* * * Transmission Result Report(MemoryTX) ( Jan.22. 2008  9:23AM ) * * *

1)
2)  SCHAUMAN & HUBINS    925 846-5402

Date/Time: Jan.22. 2008  9:22AM

| File No. Mode | Destination | Pg(s) | Result | Page Not Sent |
|---|---|---|---|---|
| 9121 Memory TX | 15108341928 | P. 2 | OK | |

---

Reason for error
E.1) Hang up or line fail          E.2) Busy
E.3) No answer                     E.4) No facsimile connection

**SCHAUMAN & HUBINS**

ATTORNEYS AT LAW

5700 Stoneridge Mall Road, Suite 130
Pleasanton, California 94588
Telephone (925) 846-5400 Fax (925) 846-5402
www.schauman-hubins.com

**FACSIMILE TRANSMITTAL COVER SHEET**

| To: | David Goldman (510) 834-1928 |
|---|---|
| From: | Jeffery M. Hubins |
| Date: | 1/22/2008 |
| Re: | Motion to Remand to State Court: Meet and Confer II |

The following documents are being transmitted to you by fax machine.

This fax consists of ___Two___ pages, including this cover sheet. Should any of the following documents appear illegible, please immediately call the office number provided above.

The original was sent by email to dgoldman@wendel.com

The documents accompanying this fax contain confidential information and are intended only for the above listed recipient. People receiving this fax who are not the named recipient should refrain from reading, discussing, or disclosing the contents of this fax with anyone but the sender. If you have received this transmission in error, please call the number above.

# EXHIBIT   7

## Jeff Hubins

**From:** Jeff Hubins
**Sent:** Wednesday, January 23, 2008 10:37 AM
**To:** 'David Goldman'
**Subject:** RE: Fuch Remand Motion; Meet and Confer

David:

I have begun drafting the motion and will continue until finished. I will complete it and e-file it by tomorrow night or possibly Friday a.m. I am waiting to retrieve my forgotten password or log-in for the Northern Dist. Let me know.

Jeff

---

**From:** David Goldman [mailto:DGoldman@wendel.com]
**Sent:** Wednesday, January 23, 2008 10:07 AM
**To:** Jeff Hubins
**Subject:** RE: Fuch Remand Motion; Meet and Confer

Jeff

I have been in trial assigned to Judge Keller's courtroom in Hayward. Our case got temporarily bumped by a case with statutory priority and I now am on office standby. I will endeavor to review this matter and respond by tomorrow, if at all possible.

David Goldman
1/23

    -----Original Message-----
    **From:** Jeff Hubins [mailto:jhubins@schauman-hubins.com]
    **Sent:** Tuesday, January 22, 2008 9:15 AM
    **To:** David Goldman
    **Subject:** Fuch Remand Motion; Meet and Confer

    Dear Mr. Goldman:

    After researching the issue of Hexcel's removal further, I have concluded that it is without merit whatever. This meet and confer is made in good faith to convince Hexcel to stipulate to remand to state court where the original complaint was filed.

    Provided below is additional authority for your review. In each case, decided in the 9th Circuit, the employee was offered a stay-on bonus and severance pay if the employee worked for a period of time. The employer refused to pay the severance and stay-on bonus as promised and was sued the employee for breach of contract. The case was removed by the defendant and remanded by the 9th Circuit holding that a one time payout did not constitute a *plan* as defined by ERISA, hence no preemption. *Delaye v. Agripac, 39 F.3d 235; Velarde v. PACE Membership 105 F.3d 1313* (1997).

    The Supreme Court case holding the same is *Fort Halifax Packing Co. v. Coyne 482 US 1.*

    I send you this information to avoid filing the remand motion. I will write the motion this afternoon and file it this week if I do not hear form you today by around noon. I will be out of the office most of this week on other business, so don't attempt to call me about this after today.

    As I suggested, your client should be required to pay for my time if they refuse to stipulate to the remand

by this afternoon.

Jeffery M. Hubins
SCHAUMAN & HUBINS
5700 Stoneridge Mall Road, Suite 130
Pleasanton, California 94588
Phone (925) 846-5400
Fax (925) 846-5402

This e-mail message is confidential, is intended only for the named recipient(s) above, and may contain information that is privileged, attorney work product or exempt from disclosure under applicable law. If you have received this message in error, or are not a named recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail is strictly prohibited. If you have received this message in error, please immediately notify the sender by return e-mail and delete this e-mail message from your computer. Thank you.

*********************************************************************************************************************************

I RS Circular 230 Disclosure: As required by U.S. Treasury Regulations governing tax practice, you are hereby advised that any written tax advice contained herein was not written or intended to be used (and cannot be used) by any taxpayer for the purpose of avoiding penalties that may be imposed under the U.S. Internal Revenue Code.

*********************************************************************************************************************************

# EXHIBIT   8

## Jeff Hubins

| | |
|---|---|
| **From:** | Jeff Hubins |
| **Sent:** | Thursday, January 24, 2008 11:11 AM |
| **To:** | 'David Goldman' |
| **Subject:** | RE: Fuchs v. Hexcel Corp |

David:

I indeed will be filing a motion seeking and attorney fees.  Although I said I expect to file it today, I am not certain when I will actually file it.

Jeff

---

**From:** David Goldman [mailto:DGoldman@wendel.com]
**Sent:** Thursday, January 24, 2008 11:11 AM
**To:** Jeff Hubins
**Subject:** Fuchs v. Hexcel Corp

Jeff

This email will confirm our telephone discussion today in which I advised that Hexcel believes it has a viable basis for removal of the above referenced action to the U.S. District Court.  You advised that you would probably be filing your motion for remand later today.

David Goldman
1/24

David Goldman
Wendel, Rosen, Black & Dean, LLP
P.O. Box 2047
1111 Broadway, 24th Floor
Oakland, CA 94604
Phone: (510) 834-6600
Fax:    (510) 808-4658
dgoldman@wendel.com

This e-mail message is confidential, is intended only for the named recipient(s) above, and may contain information that is privileged, attorney work product or exempt from disclosure under applicable law. If you have received this message in error, or are not a named recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail is strictly prohibited. If you have received this message in error, please immediately notify the sender by return e-mail and delete this e-mail message from your computer. Thank you.

*********************************************************************************************************************************************

I RS Circular 230 Disclosure: As required by U.S. Treasury Regulations governing tax practice, you are hereby advised that any written tax advice contained herein was not written or intended to be used (and cannot be used) by any taxpayer for the purpose of avoiding penalties that may be imposed under the U.S. Internal Revenue Code.

*********************************************************************************************************************************************

1/30/2008