Jeffery M. Hubins [State Bar No. 220657]
William F. Schauman [State Bar No. 210661]
SCHAUMAN & HUBINS
5700 Stoneridge Mall Road, Suite 130
Pleasanton, California 94588
Telephone (925) 846-5400
Fax (925) 846-5402
Email: jhubins@schauman-hubins.com

Attorneys for Plaintiff
WILLIAM FUCHS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO

| | |
|---|---|
| WILLIAM FUCHS,<br><br>     Plaintiff,<br><br>vs.<br><br>HEXCEL CORPORATION, a corporation doing business in California, JEFFREY GERARD STEPHENS, an individual, and DOES 1 through 25, inclusive,<br><br>     Defendants. | Case No. C08-00254 CRB ADR<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND TO STATE COURT AND AWARDING PLAINTIFF ATTORNEY FEES AND SANCTIONS**<br><br>Hearing Date: Friday, March 21, 2008<br>Hearing Time: 10:00 a.m.<br>Courtroom: 8 |

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ....................................................................................iii

MEMORANDUM OF POINTS AND AUTHORITIES ..............................................1

I.  INTRODUCTION AND FACTUAL / PROCEDURAL BACKGROUND ............1

II. THIS CASE MUST BE REMANDED BECAUSE NO FEDERAL CLAIM IS STATED ON THE FACE OF PLAINTIFF'S COMPLAINT, THE SEVERANCE PLAINTIFF SEEKS TO ENFORCE IS NOT A "PLAN," AND PLAINTIFF'S COMPLAINTS OF RETALIATION DO NOT "RELATE TO" ERISA. ..............4

A.  Removal is Improper Because Plaintiff's Complaint Does Not State a Federal Claim...............................................................................................5

B.  Plaintiff's Claim for Breach of Contract Based on Defendant's Failure to Pay Plaintiff's Severance Does Not Constitute an ERISA "Plan" And Does Not "Relate To" an ERISA Plan Therefore Triggering the Complete Preemption Doctrine...........................................................................................5

1.  Plaintiff's Promised Severance and Stay-on Bonus Does Not Amount To A "Plan" Covered By ERISA Because They Do Not Implicate An Ongoing Administrative Scheme.............................................................................................6

2.  Plaintiff's Complaint for Retaliation is Not Premised On ERISA Therefore Is Not Preempted Otherwise Giving the Federal Court Subject Matter Jurisdiction............................................................................................9

III. PLAINTIFF IS ENTITLED TO AN AWARD OF ACTUAL EXPENSES, INCLUDING ATTORNEY FEES, INCURRED AS A RESULT OF THE REMOVAL..................................................................................................11

IV. CONCLUSION..................................................................................................15

# TABLE OF AUTHORITIES

Ingersoll-Rand Co. v. McClendon,
498 U.S. 133 (1990)..................................................................................................9

Fort Halifax Packing Co. v. Coyne,
482 U.S. 1 (1987).........................................................................................2, 4, 6, 12

Metropolitan Life Ins. Co. v. Taylor,
481 U.S. 58 (1987).....................................................................................................5

Roadway Express, Inc. v. Piper,
447 U.S. 752 (1980)................................................................................................12

Circle Industries USA, Inc. v. Parke Construction Group, Inc.,
183 F.3d 105 (2nd Cir. 1999)...................................................................................11

Rutledge v. Seyfarth, Saw, Fairweather & Geraldson,
201 F.3d 1212 (9th Cir. 2000)...................................................................................5

Emard v. Hughes Aircraft Co.,
153 F.3d 949 (9th Cir. 1998)..................................................................................5, 6

Toumajian v. Frailey,
135 F.3d 648 (9th Cir. 1998).....................................................................................5

Campbell v. The Aerospace Corp.,
123 F.3d 1308 (9th Cir. 1997), *cert denied*, 523 U.S. 1117 (1998)..........................2

Velarde v. PACE Membership Warehouse, Inc.,
105 F.3d 1313 (9th Cir. 1997)..................................................................6, 8, 9

Buster v. Greisen,
104 F.3d 1186 (9th Cir. 1997)..................................................................6

Delaye v. Agripac, Inc.,
39 F.3d 235 (9th Cir. 1994)..................................................................2, 6, 7, 8

Moore v. Permanente Medical Group,
981 F.2d 443 (9th Cir. 1992)..................................................................12

Ethridge v. Harbor House Restaurant,
861 F.2d 1389 (9th Cir. 1988)..................................................................9, 10, 11

Rockwell International Credit Corp. v. United States Aircraft Ins.,
823 F.2d 302 (9th Cir. 1987)..................................................................12

Durand v. SSA Terminals, LLC,
2006 U.S. Dist. LEXIS 57097 (N.D. Cal. July 28, 2006)..................................................................2

McMorgan & Co. v. First Cal. Mortg.,
931 F. Supp. 703 (N.D. Cal. 1996)..................................................................14

28 U.S.C. §1447 (c)..................................................................11, 15

Federal Rule of Civil Procedure 11..................................................................12, 15

Plaintiff's Memorandum of Points and Authorities
Case No. C08-00254 CRB ADR

Jeffery M. Hubins [State Bar No. 220657]
William F. Schauman [State Bar No. 210661]
SCHAUMAN & HUBINS
5700 Stoneridge Mall Road, Suite 130
Pleasanton, California 94588
Telephone (925) 846-5400
Fax (925) 846-5402
Email: jhubins@schauman-hubins.com

Attorneys for Plaintiff
WILLIAM FUCHS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO

| | |
|---|---|
| WILLIAM FUCHS,<br><br>                Plaintiff,<br><br>vs.<br><br>HEXCEL CORPORATION, a corporation doing business in California, JEFFREY GERARD STEPHENS, an individual, and DOES 1 through 25, inclusive,<br><br>                Defendants. | Case No. C08-00254 CRB ADR<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND TO STATE COURT AND AWARDING PLAINTIFF ATTORNEY FEES AND SANCTIONS**<br><br>Hearing Date: Friday March 21, 2008<br>Hearing Time: 10:00 a.m.<br>Courtroom: 8 |

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

I.      <u>**INTRODUCTION AND FACTUAL / PROCEDURAL BACKGROUND**</u>

The central question presented here is whether this court has subject matter jurisdiction over this case for disability discrimination and harassment, whistleblower retaliation, and breach of contract brought under California law, because the plaintiff seeks enforcement of a one time lump sum payment of a stay-on bonus, and payment of a predetermined severance made payable over a few weeks, pursuant to a contract. Based on the current law of this District, neither plaintiff's complaint or prayer constitute a "plan" under ERISA, "relate to" an ERISA plan, nor

- 1 -

Plaintiff's Memorandum of Points and Authorities
Case No. C08-00254 CRB ADR

do they fall within the scope of ERISA's civil enforcement provisions. As such, the answer is clearly no. Fort Halifax Packing Co. v. Coyne, 482 U.S. 1, (1987); Campbell v. The Aerospace Corp., (9th Cir. 1997) 123 F.3d 1308; Delaye v. Agripac, Inc., (9th Cir. 1994) 39 F.3d 235; Durand v. SSA Terminals, LLC, 2006 U.S. Dist. LEXIS 57097 (N.D. Cal. July 28, 2006).

Plaintiff was an 18 year veteran employee of Hexcel Corporation. In 2004, the Billion dollar a year company announced it was closing its Livermore, California facility, where plaintiff worked. Hexcel promised that if plaintiff continued his work with Hexcel until the plant closure, plaintiff would be paid a severance and stay-on bonus.

According to the contract, the severance and stay-on bonus were based on a pre-determined formula using the employee's length of service. Hubins Decl. ¶4. According to the severance agreement, if plaintiff worked until the plant closure, he would have been paid a severance of 880.0 hours at his "regular salary less required deductions and withholdings, payable in bi-weekly installments on the company's normal pay dates." Hubins Decl. ¶¶4, 5. As for the stay-on bonus, plaintiff was to receive a one time lump sum payment on the date of closure in the amount 240.0 hours. Hubins Decl. ¶¶4, 5.

When presented with the written agreement, which contained a release and confidentiality clause, plaintiff refused to sign the release because for fear of releasing an ongoing dispute and impending litigation with Hexcel regarding his employment. Hexcel wrongfully denied plaintiff his severance and stay-on bonus. Hubins Decl. ¶6.

On December 17, 2007, Plaintiff filed this action in Superior Court of California, County of Alameda, alleging disability harassment and discrimination, whistleblower retaliation, breach of contract, infliction of emotional distress, defamation, assault, and conversion against Hexcel, and against Hexcel's former supervisor, Jeff Stephens. Hubins Decl. ¶2.

Plaintiff's allegations include:

- In 2006, Jeff Stephens grabbed plaintiff by the hair and slammed plaintiff's head into the wall on two separate occasions;
- Plaintiff told Hexcel about the assault and he was disciplined for provoking the assault by making jokes at work;
- Plaintiff filed a complaint with OSHA alleging Hexcel had an unsafe workplace, and lacked a workplace violence program;
- Plaintiff filed a complaint with the Livermore Police Department where the police concluded Hexcel's employee and supervisor, Defendant Jeff Stephens committed violations of Cal. Penal Code;
- Plaintiff sought medical and psychiatric treatment in effort to cope with being attacked and with being accused by Hexcel for provoking the beating and for continuing to place plaintiff in a position of danger by forcing plaintiff to work in the same environment as his attacker;
- Plaintiff's treating physician instructed plaintiff to take some time off of work due to his stress from the incidents;
- Plaintiff gave Hexcel the doctor's release instructing of the need for time off;
- In retaliation for plaintiff's actions, Hexcel stripped plaintiff of all administrative access and authorities with regard to computers (plaintiff was the person responsible for fixing computer problems and his job required computer access);
- Plaintiff learned from other employees that his attacker, Jeff Stephens, was threatening plaintiff's safety at work;
- Plaintiff was prohibited from performing his job because his attacker, Jeff Stephens would not grant him access without the fear of being beat-up again;
- Plaintiff informed Hexcel of the threats and inability to perform his job in light of his attacker's threats, and Hexcel further retaliated against plaintiff by reassigning plaintiff to the position of file clerk.

- 3 -

Plaintiff's Memorandum of Points and Authorities
Case No. C08-00254 CRB ADR

Defendant Hexcel removed to federal court on January 15, 2008, declaring federal court has jurisdiction under ERISA because plaintiff alleges "he was entitled to a stay-on bonus, severance" and because plaintiff seeks money judgment for benefits due plaintiff from the severance and stay-on bonus. Hubins Decl. ¶3.

However, plaintiff's stay-on bonus, a one-time, lump-sum payment of 240 hours triggered by a single event—defendant's closure—requires no ongoing administrative scheme or program for processing claims and paying benefits by defendant whatsoever. Likewise, with regard to the severance, a pre-determined severance of 880 hours made in two payments on a predetermined date, made on the company's normal payday, hardly constitutes a "plan" requiring an ongoing administrative scheme by the employer. In either event, the employer assumes no responsibility to pay benefits on a regular basis, and thus faces no periodic demands on its assets that create a need for financial coordination and control. Rather, the employer's obligation is calculated according to a formula predicated on the occurrence of a single contingency. Fort Halifax Packing Co. v. Coyne, 482 U.S. 1, 12 (1987).

As explained below, defendant's removal was improper because an ERISA action is not alleged on the face of plaintiff's complaint, nor does ERISA preempt any of plaintiff's claims in that they do not constitute an ERISA "plan" nor do they "relate to" an ERISA plan. As such, for all the reasons provided below, plaintiff seeks remand to the state court.

II. **THIS CASE MUST BE REMANDED BECAUSE NO FEDERAL CLAIM IS STATED ON THE FACE OF PLAINTIFF'S COMPLAINT, THE SEVERANCE PLAINTIFF SEEKS TO ENFORCE IS NOT A "PLAN," AND PLAINTIFF'S COMPLAINTS OF RETALIATION DO NOT "RELATE TO" ERISA.**

Defendant, Hexcel, as the proponent of removal, bears the burden of establishing federal jurisdiction. Toumajian v. Frailey, 135 F.3d 648, 652 (9th Cir. 1998).

A state action is removable under only two circumstances: (1) where the complaint states a federal cause of action on its face, known as the well-pleaded complaint rule; or, (2) where congress so completely preempts a particular area that any civil complaint raising this select group of claims us necessarily federal in character, known as complete preemption doctrine. Toumajian v. Frailey, 135 F.3d 648, 654 (9th Cir. 1998); Emard v. Hughes Aircraft Co., 153 F.3d 949, 953 (9th Cir. 1998).

**A.  Removal is Improper Because Plaintiff's Complaint Does Not State a Federal Claim.**

Review of plaintiff's complaint reveals no federal claim or cause of action on the face of the pleading. Accordingly, under the well-pleaded complaint rule, there is no federal subject matter jurisdiction to warrant removal in this instance. Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987).

**B.  Plaintiff's Claim for Breach of Contract Based on Defendant's Failure to Pay Plaintiff's Severance Does Not Constitute an ERISA "Plan" And Does Not "Relate To" an ERISA Plan Therefore Triggering the Complete Preemption Doctrine.**

Since plaintiff's complaint does not state a federal cause of action or claim on its face, the only proper basis for removal to federal court is complete preemption. Rutledge v. Seyfarth, Saw, Fairweather & Geraldson, 201 F.3d 1212, 1215 (9th Cir. 2000).

The law in the Ninth Circuit, and throughout the neighboring Circuits as well, is well established that ERISA only preempts a claim under state law *if two circumstances exist*: (1)

- 5 -

ERISA preempts plaintiff's causes of action and (2) the cause of action falls within the scope of ERISA's civil enforcement provision under 29 U.S.C. §1132(a). Fort Halifax Packing Co. v. Coyne, 482 U.S. 1, 12 (1987); Emard v. Hughes Aircraft Co., 153 F.3d 949, 953 (9th Cir. 1998); Buster v. Greisen, 104 F.3d 1186, 1188 (9th Cir. 1997) (Complete preemption only occurs when ERISA both preempts state claims and displaces the claim with it civil enforcement provisions) [Emphasis added].

In this case, plaintiff's complaint alleging breach of contract seeking damages related to defendant's failure to pay plaintiff's severance and stay-on bonus does not implicate an ongoing administrative scheme, therefore is not preempted by ERISA. Fort Halifax Packing Co. v. Coyne, 482 U.S. 1, 12 (1987); Velarde v. PACE Membership Warehouse, Inc., 105 F.3d 1313, 1317 (9th Cir. 1997); Delaye v. Agripac, Inc., (9th Cir. 1994) 39 F.3d 235, 237.

**1.    Plaintiff's Promised Severance and Stay-on Bonus Does Not Amount To A "Plan" Covered By ERISA Because They Do Not Implicate An Ongoing Administrative Scheme.**

Defendant Hexcel can only prove removal is proper under ERISA if the defendant can demonstrate the payment of the severance and stay-on bonus amount to an ongoing administrative scheme. Velarde v. PACE Membership Warehouse, Inc., 105 F.3d 1313, 1317 (9th Cir. 1997); Delaye v. Agripac, Inc., 39 F.3d 235, 237 (9th Cir. 1994). The requirement of an ongoing administrative scheme is the well-established test used to determine whether a severance plan is covered by ERISA. Delaye v. Agripac, Inc., (9th Cir. 1994) 39 F.3d 235, 237 (citations omitted).

In this case, the defendant's severance contract promised to pay plaintiff a predetermined amount of money based on his regular salary, if plaintiff remained working until the plant closure. Defendant computed plaintiff's future severance to be 880 hours, a formula derived from the simple arithmetical calculation of plaintiff's duration of employment multiplied by his

- 6 -

Plaintiff's Memorandum of Points and Authorities
Case No. C08-00254 CRB ADR

hourly rate. The severance would be paid in bi-weekly installment payments on defendant's normal pay dates.[1] Plaintiff was unable to negotiate a different amount or argue for a different formula on which to compute his severance.

Hexcel's promise to pay a severance did not involve any administrative activity. The severance amount was not discretionary and was fixed at the formulaic rate determined by Hexcel, and would not change under any circumstance, unless of course plaintiff quit, in which case he would be paid nothing. There was no employer discretion with regard to the timing of payment; plaintiff was going to be paid on the company's normal pay dates. There was no ongoing employer adjustment or analysis required after plaintiff's employment ended.

The same holds true with regard to the payment of the stay-on bonus, with the exception that the timing of payment would be made on the date of plant closure and in a one-time lump sum payment. To that end, there is substantially little to no difference between the severance pay and stay-on bonus.

In *Delaye v. Agripac, Inc.*, the Ninth Circuit Court of Appeals found that an action to enforce a contract for severance payments, even if made over a period of time spanning 24

---

[1] Under the contract, the "severance pay [was] equal to twenty-two (22) weeks, eight hundred eighty (880) hours . . . of the Employee's regular salary . . . payable in bi-weekly installments on the company's normal pay dates." Hubins Decl. ¶¶4, 5. There is considerable confusion about whether that means plaintiff would receive 2 or 11 bi-weekly payments. In either event, the analysis is the same, the number of payments is not determinative of whether a severance is a "plan" covered by ERISA. Delaye v. Agripac, Inc., (9th Cir. 1994) 39 F.3d 235, 237 (holding a severance payment scheme extending payments for two years is not preempted by ERISA).

- 7 -

Plaintiff's Memorandum of Points and Authorities
Case No. C08-00254 CRB ADR

months, was not considered a covered ERISA plan, because the payment of a fixed sum, based on a fixed calculation, and payable upon a certain fixed date did not constitute an ongoing administrative scheme. 39 F.3d 235, 236-237 (9th Cir. 1994). In *Delaye*, the employer promised to pay the plaintiff a severance plan pursuant to a written contract. The contract stated that if the plaintiff was terminated without cause, the employer would pay plaintiff a severance in a "fixed monthly amount for twelve to twenty-four months according to a set formula, plus accrued vacation pay and insurance benefits, . . . ." Delaye, 39 F.3d at 237. The Court found no ERISA plan existed where an employer promises to pay an employee "a check every month plus continuing to pay his insurance premiums for the time specified in the contract" because the employer's obligation "does not rise to the level of an ongoing administrative scheme." Id.

The instant case is exactly the situation presented to the *Delaye* court, which held no ERISA preemption. Here, Hexcel, as plaintiff's employer, promised in writing to pay a fixed sum (880 hours of severance pay and 240 hours for stay-on bonus) at plaintiff's normal hourly rate. The payment for each was to be made at a certain time, plant closure. The severance was going to be made in bi-weekly payments on the company's normal pay dates. The stay-on bonus was going to be paid to plaintiff in one lump sum. Neither the timing of the payment, the amount, or any other factor or circumstance surrounding the severance contract required the use of employer discretion or analysis. More importantly, it did not require or involve future administrative action.

The *Delaye* Court was later reaffirmed by the Ninth Circuit in *Velarde*. Velarde v. PACE Membership Warehouse, Inc., 105 F.3d 1313, 1317 (9th Cir. 1997). In *Velarde*, the Court held a letter by the employer promising to pay an employee's stay-on bonus and severance did not preempt plaintiff's state-law claims for breach of contract under ERISA. Id. In *Velarde*, the employer promised a stay-on bonus and severance pay to the plaintiff if the plaintiff met certain eligibility requirements, mainly perform the duties of employment satisfactorily, and continue to work for the employer until a certain date. Id. at 1316-17. The employer argued that the

requirements for eligibility required exertion of the employer's discretionary analysis, therefore, created an ongoing administrative scheme. Id. at 1317. However, the Court held that the minimum discretion required, **if any the court questioned suspiciously**, was so minimal that it failed to "transform a simple severance agreement into an ERISA employee benefits plan." Id. (emphasis added).

In the instant case, Hexcel is required, at most, to apply the same amount of discretion to plaintiff's severance contract that the employer defendant in *Valerde* had to apply. Plaintiff simply had to be employed at the company on a certain date. Like the Courts in *Valerde* and *Delaye*, this Court should not find plaintiff's state-law claims for breach of contract related to the non-payment of severance preempted by ERISA. Accordingly, plaintiff seeks this Court's order to remand to the state court the complaint was originally filed in.

**2.    Plaintiff's Complaint for Retaliation is Not Premised On ERISA Therefore Is Not Preempted Otherwise Giving the Federal Court Subject Matter Jurisdiction.**

To the extent defendant's confusingly vague declaration asserts the retaliation claims made by plaintiff and the damages thereof are preempted by ERISA, they are not because plaintiff's state-law claims do not "relate to" an ERISA plan. In order for defendant to prove plaintiff's state-law claims for whistleblower retaliation are preempted by ERISA, the ***defendant must show*** the plaintiff's complaint alleges the employer possessed a ***pension-defeating motive*** as the basis for retaliating against the employee. Ingersoll-Rand Co. v. McClendon, 498 U.S. 133 (1990); Ethridge v. Harbor House Restaurant, 861 F.2d 1389, 1405 (9th Cir. 1988)(emphasis added).

Defendant's declaration states they are removing because plaintiff's "prayer seeks money judgment for employee benefits allegedly due him from the stay-on bonus, severance and other

- 9 -
Plaintiff's Memorandum of Points and Authorities
Case No. C08-00254 CRB ADR

incentives."[2] Hubins Decl. ¶3 (citing plaintiff's Exhibit 2, Goldman Decl. ¶4, lines 10-12). However, as demonstrated below, defendant's removal is improper because plaintiff does not allege that the defendant retaliated against plaintiff with a pension-defeating motive. Plaintiff's complaint states that he was retaliated against for informing governmental authorities about Hexcel's unsafe workplace.[3] Plaintiff also complains that the loss of benefits were those related to the failure to pay severance contract all addresses earlier.

In *Ethridge v. Harbor House Restaurant,* the Ninth Circuit held that unless a defendant can demonstrate the plaintiff's complaint or damages "relate to" an ERISA plan, they are not preempted by ERISA. 861 F.2d 1389, 1405 (9th Cir. 1988). The term "relate to" is given meaning by determining whether the employee alleges the employer acted with pension-defeating motives. The Court specifically stated, "'no ERISA cause of action lies . . . when the loss of pension benefits was a mere consequence of, but nor a motivating factor behind, the termination of benefits.'" Id. (citations omitted). In *Ethridge,* the employee brought suit for loss of benefits as a result of being terminated for engaging in a protected activity. The employer removed the sate filed complaint alleging, among other things, removal was proper based on the employee seeking recovery for lost "benefits" due to him as a result of the wrongful termination.

---

[2] For the reasons stated above, plaintiff does not believe the stay-on bonus or severance implicates an ongoing administrative scheme, thereby preempting plaintiff's state-law claims or damages thereof. Defendant's removal on that basis is improper and should be remanded.

[3] Defendants retaliated against PLAINTIFF, among other reasons, for filing and making of complaints and reports of an unsafe workplace with defendant HEXCEL and governmental agencies, and causing HEXCEL to be investigated pursuant to such complaints. PLAINTIFF was retaliated against by all defendants for engaging and participating in protected activities. Hubins Decl. ¶2 (Exhibit 1, Plaintiff's Complaint, page 8 ¶29).

Id. at 1404. The employer unsuccessfully argued, lost benefits are covered by ERISA, therefore give the federal courts subject matter jurisdiction. Id. However, the court held no preemption exists when the loss of benefits are a mere consequence of the termination. Id. at 1405.

Like in *Ethridge*, plaintiff claims he lost benefits, and in fact seeks recovery for lost benefits. However, the loss of benefits, like the employee in *Ethridge*, was a mere consequence of wrongful retaliation and breach of contract. Plaintiff does not believe nor allege that the loss of benefits was the result of Hexcel's pension-defeating motive. Consequently, plaintiff's complaint and recovery for lost benefits does not "relate to" a covered ERISA plan as a prerequisite for preemption.

For all the reasons laid-out above, the Court should remand the case to state court for lack of subject matter jurisdiction. The complaint for breach of contract neither implicates an ongoing administrative scheme nor is related to a covered ERISA plan. As such, defendant Hexcel's removal is improper.

### III. PLAINTIFF IS ENTITLED TO AN AWARD OF ACTUAL EXPENSES, INCLUDING ATTORNEY FEES, INCURRED AS A RESULT OF THE REMOVAL.

28 U.S.C. §1447(c) provides in relevant part: "if at any time before final judgment it appears that that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."

The purpose for such an award of costs and fees is to deter abuse and unnecessary expenses and harassment if a defendant removes improperly. Circle Industries USA, Inc. v. Parke Construction Group, Inc., 183 F.3d 105, 109 (2nd Cir. 1999). An award of attorney fees

- 11 -

Plaintiff's Memorandum of Points and Authorities
Case No. C08-00254 CRB ADR

1 | by the district court does not require a showing of bad faith either. Moore v. Permanente
2 | Medical Group, 981 F.2d 443, 448 (9th Cir. 1992).

Federal Rules of Civil Procedure (FRCP) 11 permit the Court to assess attorney fees as sanctions against a party whose conduct is vexatious or in bad faith. Roadway Express, Inc. v. Piper, 447 U.S. 752, 766-767 (1980). In the context of removal, the Ninth Circuit has held that an attorney's signature on the declaration supporting removal certifies "after reasonable inquiry" the paper he is filing with the court is "well grounded in fact and is *warranted by existing law* or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." Rockwell International Credit Corp. v. United States Aircraft Ins., 823 F.2d 302, 305 (9th Cir. 1987)(emphasis added).

In this instance, plaintiff did everything to avoid filing a motion. Immediately after receiving the removal notice, plaintiff met and conferred with defendant seeking defendant's stipulation to remand. Hubins Decl. ¶7. Plaintiff sent numerous emails, letters and made several telephone calls to defendant's attorney trying to obtain a stipulation to remand. Hubins Decl. ¶7. Plaintiff provided ample authority supporting plaintiff's position that defendant's removal was improper. In spite of the clear authority, defendant refused to remand. Hubins Decl. ¶7.

Specifically, on January 19, 2008, plaintiff telephoned Hexcel's attorney, David Goldman, to meet and confer on the issue of the removal. Mr. Goldman did not answer, so later that day plaintiff followed the telephone call with a detailed meet and confer letter providing ample authority supporting plaintiff's position that defendant's removal was improper, including in it the same authority cited in this motion. Hubins Decl. ¶8. Hexcel chose not to respond. A couple days later plaintiff persisted, and on January 22 drafted a second meet and confer letter further detailing with additional authority and reasons

Plaintiff's Memorandum of Points and Authorities
Case No. C08-00254 CRB ADR

defendant's removal was improper, seeking Hexcel's stipulation in remanding the case to state court. Hubins Decl. ¶9. Hexcel declined to stipulate. On January 23 plaintiff asked for the third time if defendant would stipulate to remanding the case to state court. Hubins Decl. ¶10. Hexcel refused to respond. And for fourth time, on January 24 plaintiff was finally successful in contacting Mr. Goldman on the telephone, but again, without explanation, Mr. Goldman refused to stipulate to a remand. Hubins Decl. ¶11. Plaintiff provided all the necessary authority within the Ninth Circuit arguing all the reasons plaintiff believed removal was improper. Each attempt plaintiff provided defendant with authority and clear analysis about why removal was improper and advised defendant that if this motion required filing, plaintiff would seek an award of attorney fees. Hubins Decl. ¶12.

Mr. Goldman signed the Notice of Removal filed with this court certifying he made reasonable inquiry that removal was proper and supported by law. Hubins Decl. ¶3. In each of the numerous meet and confers initiated by plaintiff, Mr. Goldman refused to provide even a single citation, by way of either case law, practice guide or statute supporting any reason why they believed removal proper. Hubins Decl. ¶12.

Mr. Goldman, defendant Hexcel's attorney, advised plaintiff in December 2007 that he would accept service of the complaint on behalf of his client, Hexcel. As such, plaintiff mailed the complaint and summons to defendant's attorney with an acknowledgement receipt. Hubins Decl. ¶13. On numerous occasions plaintiff telephoned and emailed Mr. Goldman inquiring about the return of the acknowledgement informing Mr. Goldman that plaintiff wished to serve defendant with discovery. Hubins Decl. ¶14. Because the complaint was properly filed in state court, plaintiff drafted his discovery under state court rules with all the applicable citations. Hubins Decl. ¶15. Defendant never had the professional courtesy to inform plaintiff that they intended to remove. The day prior to removing the action Mr. Goldman told plaintiff that he needed to call his client to obtain authority with regard to accepting discovery. Hubins Decl. ¶16. Defendant's actions certainly suggest they engaged in gamesmanship of refusing to

- 13 -

Plaintiff's Memorandum of Points and Authorities
Case No. C08-00254 CRB ADR

return phone calls and intentionally misleading plaintiff into performing work unnecessarily, all the meanwhile they planned to remove.

Rule 11 sanctions are properly granted to a party for the attorneys' fees and costs involved in bringing a motion when the Court finds that an opponents position was not arguable under existing law, or because the party's position does not fit neatly within well settled area of law, or if cases exist on both sides of the issue. McMorgan & Co. v. First Cal. Mortg., 931 F. Supp. 703, 710 (N.D. Cal. 1996).

In *McMorgan*, **a case argued by Mr. Goldman's own law firm**, this District laid out some very clear rules about when sanctions are properly awarded, all of them present here. For instance, this court held that sanctions are properly awarded to a moving party when the opponent's position is not supported by existing law. Id. Here, defendant's removal based on plaintiff's complaint seeking payment of a predetermined severance upon plant closure is without justification. Not a single case in this Circuit since the Supreme Court decided Fort Halifax Packing Co. v. Coyne warrants removal under this situation. These facts were laid out to defendant on four separate occasions. Hubins Decl. ¶¶8, 9, 10, 11. Defendant could have easily used its wealth and resources to simply "*shepardize*" or cite check the cases provided to it by plaintiff. They needed to nothing more than read *Valerde* and *Delaye*. The other two factors: (1) opponent's position fitting within the law; and (2) case law existing on both sides of the issue is also without justification, for basically all the same reasons.

Given defendant's position, resources, and prior experience in this area, one can only conclude the incentive to force plaintiff to file the motion to remand was to harass. Moreover, given the overwhelming case law supporting plaintiff's position, defendant improperly certified a pleading before this court, which could have been easily avoided had defendant made a reasonable inquiry into the law before removing and especially after plaintiff's meet and confers. As such, an award for sanctions is reasonable and within the court's discretion.

- 14 -
Plaintiff's Memorandum of Points and Authorities
Case No. C08-00254 CRB ADR

Plaintiff's attorney, Jeffery Hubins, spent 24.6 hours, preparing the motion, researching the relevant case law on removal, meeting and conferring with opposing counsel, and filing this motion and supporting declaration. Hubins Decl. ¶17. Our normal hourly fee is $295. Hubins Decl. ¶17. 24.6 hours at our normal hourly fee totals $7,257.00. Hubins Decl. ¶17. Plaintiff respectfully requests this court plaintiff attorney fees associated with the filing of this motion in the amount of $7,257.00.

## IV.    CONCLUSION

For the reasons and authorities set forth above, plaintiff respectfully submits that his motion for remand be granted, that defendant be ordered to pay plaintiff his just costs, expenses, sanctions and attorney fees in the amount of $7,257.00 pursuant to 28 U.S.C §1447(c) and FRCP 11.

DATED: This 31st day of January 2008          SCHAUMAN & HUBINS

By: JEFFERY M. HUBINS
Attorneys for Plaintiff,
WILLIAM FUCHS

- 15 -

Plaintiff's Memorandum of Points and Authorities
Case No. C08-00254 CRB ADR